LINO PEREIRA, JR., demandante y apelante, *v.* ROSENDO HERNÁNDEZ GONZÁLEZ, demandado y apelado.

Número 12383.

*Sometido:* 23 de junio de 1961. *Resuelto:* 29 de junio de 1961.

*Guillermo Bauzá,* abogado del apelante; *Pascual Amado Rivera,* abogado del apelado.

El Juez Asociado Señor Blanco Lugo emitió la opinión del Tribunal.

En 3 de julio de 1956 el recurrido Rosendo Hernández acudió al Tribunal de Distrito de San Juan, en solicitud para que se dictara sentencia ordenando el desalojo del recurrente Lino Pereira, Jr., de un solar de 331.52 metros cuadrados sito en la Calle Tapia de Santurce, en el cual no radicaban viviendas, y que dicho recurrente ocupaba mediante contrato de arrendamiento. El objeto de la relación arrendaticia se utilizaba por Pereira en su oficio de reparación de automóviles. La aludida acción de desahucio se fundó en dos causas de acción: 1) la falta de pago de los cánones vencidos correspondientes a los meses vencidos en mayo 7 y junio 7 de 1956, y, 2) al deseo del propietario de recobrar la posesión del inmueble arrendado para retirarlo del mercado de alquileres y dedicarlo exclusivamente para su uso personal. Las partes fueron convocadas para una primera comparecencia, en la cual estuvo presente únicamente el promovente, quien solicitó se dictara sentencia en cuanto a la causa de acción ejercitada por falta de pago. Se señaló una vista en

relación con la otra causa de acción y durante la misma se probó "que el demandante es dueño del solar a que se refiere la demanda, que en el mismo no radican ni viviendas ni edificios de clase alguna y que desea de buena fe retirar dicho solar del negocio de alquileres". En su consecuencia el tribunal dictó sentencia declarando con lugar la demanda en todas sus partes y se decretó el desahucio del allí demandado dentro del término de veinte días.

Después de habérsele notificado la sentencia a que nos hemos referido, Pereira solicitó se dejara la misma sin efecto porque el tribunal no tenía jurisdicción en vista de que en la demanda no se alegaba que la parte demandante había cumplido con el requisito de notificar al arrendatario, en forma fehaciente, de su propósito de recobrar el inmueble arrendado, con seis meses de antelación a la iniciación de la acción (17 L.P.R.A. sec. 193(7)(e)), y porque además, el término de lanzamiento se había fijado erróneamente en veinte días.[1]   Esta moción del demandado estaba obviamente fundada en la proposición de que las relaciones entre las partes se regían por la Ley de Alquileres Razonables. El Tribunal de Distrito declaró sin lugar esta moción por entender que el objeto del contrato de arrendamiento era un solar en el cual no enclavaban edificaciones destinadas a

---

[1] La sección 16 de la Ley de Desahucio (artículo 635 del Código de Enjuiciamiento Civil, 32 L.P.R.A. sec. 2836) dispone que cuando se declare con lugar una demanda de desahucio se decretará el lanzamiento dentro de cuarenta días, si se tratare de una casa destinada a habitación o vivienda de familia, y de veinte días, en todos los demás casos. Sin embargo, el artículo 12-B de la Ley de Alquileres Razonables (Ley Núm. 464 de 25 de abril de 1946, pág. 1327, 17 L.P.R.A. sec. 194) establece que el término de lanzamiento será de cuarenta días en los casos de falta de pago, y de noventa días cuando la acción de desahucio se base en la necesidad del arrendador de recobrar la vivienda o el local de negocio o comercio para su uso personal y cuando se proyecta la demolición total o parcial del edificio arrendado para construir un nuevo edificio. Por supuesto que esta última disposición rige únicamente en aquellos casos en que el local arrendado está cubierto por la legislación de inquilinato, según las definiciones contenidas en el artículo 22 de dicha ley (17 L.P.R.A. sec. 212).

vivienda ni locales o edificios para negocios o propósitos comerciales o industriales, no siendo, por tanto, aplicable la Ley de Alquileres Razonables.([2])

Nuevamente recurrió Pereira ante el tribunal y solicitó se le eximiera de los efectos de la sentencia dictada fundándose en que ésta se había dictado "inducido a error por el demandante, bien por sorpresa u (sic) inadvertencia, así como por negligencia excusable de parte del demandado quien hasta la fecha . . . no había podido localizar evidencia demostrativa de actos propios del demandante que de haber sido conocidos por este Tribunal no hubiera dictado sentencia conforme a las pretensiones del demandante".([3]) Celebrada una vista en relación con esta moción las partes comparecieron y mediante estipulación escrita convinieron en que se

---

([2]) El artículo 4 de la Ley de Alquileres Razonables (17 L.P.R.A. sec. 184) determina que sus disposiciones serán aplicables a solares en que radican viviendas pertenecientes a otras personas y solares en que radiquen edificios y locales para negocios, despachos y consultorios profesionales, oficinas y propósitos comerciales e industriales, si éstos pertenecen a distinto dueño. Propiedad de alquiler incluye "solar en que radiquen una o más viviendas pertenecientes a personas distintas del dueño del solar y casa y edificación que se use en todo o en parte para negocios, oficinas profesionales, o propósitos comerciales o industriales". (17 L.P.R.A. sec. 212). Resulta meridianamente claro que un solar sin edificaciones no está cubierto por la Ley Núm. 464 de 1946.

([3]) El demandado Pereira se refería a una solicitud de aumento de alquiler máximo presentada por el arrendador ante la Oficina de Inquilinato en o alrededor del día 21 de mayo de 1956, en la cual alegaba que "el Sr. Lino Pereira, Jr. me alquiló *el solar* que poseo (sin dos garages que hay en el mismo, que son de mi uso personal para un truck y un automóvil de mi propiedad) por la cantidad de $15.00 mensuales, pero últimamente él está haciendo uso de los dos garages, (y) creo justo y razonable se le aumente el canon de arrendamiento a $50.00 mensuales . . ." El arrendatario se opuso a las pretensiones del arrendador alegando que "desde que alquiló *el solar* . . . lo alquiló con ambos garages . . . y que siempre los a (sic) usado y sigue usando en su trabajo de mecánico de automóvil, siendo parte del contrato de arrendamiento (sic) de dicho solar." En los autos aparecen dos fotografías del inmueble arrendado, de las cuales aparece que los denominados garages son dos tinglados de construcción rústica, sin puertas. La impresión que hemos obtenido es que Pereira no tenía establecido un taller de mecánica u hojalatería, sino que meramente hacía trabajos de reparación de automóviles. No hay constancia alguna del destino final de la petición de aumento de alquiler presentada a la Oficina de Estabilización Económica.

extendiera el término para el desalojo del *"solar"* del demandante hasta el 15 de noviembre de 1956, y que el demandado pagaría los cánones de arrendamiento hasta dicha fecha.(4)

En 31 de julio de 1957 Pereira inició una acción de daños y perjuicios contra Hernández alegando sustancialmente que había desalojado *"el solar"* arrendado en virtud de la sentencia dictada por el Tribunal de Distrito, Sala de San Juan; que esta sentencia fue obtenida mediante fraude y engaño ya que al recobrar la posesión del inmueble, el demandado poco tiempo después lo arrendó a una empresa de taxímetros, a pesar de que había fundado la acción de desahucio en la necesidad de recobrar el inmueble para su uso personal; que esta actuación del demandado le impidió continuar explotando su negocio de reparación de vehículos de motor, todo lo cual le produjo daños durante los cinco meses que permaneció sin obtener nueva clientela y beneficios dejados de percibir que calculó en tres mil dólares, y además, la "desaparición del local comercial" que allí tenía establecido, por lo cual reclama tres mil dólares adicionales.

El demandado Hernández solicitó se dictara sentencia sumaria, y al efecto acompañó los autos originales del pleito de desahucio y su propia declaración jurada. El demandante presentó una contradeclaración. Con vista de las constancias de los autos y los documentos presentados por las partes, el Tribunal Superior, Sala de San Juan, dictó sentencia sumaria desestimando la demanda y condenando al actor a satisfacer las costas y cien dólares para honorarios de abogado. El demandante apeló.

■■ En términos generales, el Derecho Puertorriqueño no reconoce la existencia de la acción civil de daños y perjuicios como consecuencia de un pleito civil.(5) La sanción

---

(4) En 29 de octubre, el demandante retiró la suma de $85.00 consignada por el demandado para satisfacer cánones vencidos.

(5) Para una excelente discusión sobre esta materia, véase, Amadeo, *Acciones Civiles de Daños y Perjuicios en el Derecho Puertorriqueño, por el Uso Injustificado de los Procedimientos Legales, Revista* del Colegio de Abogados de Puerto Rico, Vol. VII. pág. 234 (1944).

judicial por el uso indebido de los procedimientos legales se traduce en la condena en costas y honorarios de abogado dentro del mismo pleito.(⁶) Es por eso que por disposición expresa estatutaria se ha concedido una causa de acción por el ejercicio injustificado o indebido de determinadas acciones, como por ejemplo, el artículo 169 del Reglamento de la Ley Hipotecaria (30 L.P.R.A. sec. 1090). *Ríos* v. *Banco Popular*, 81 D.P.R. 378 (1959).

Indudablemente que la única disposición estatutaria bajo la cual podría justificarse la iniciación de la presente acción de daños es el inciso 7 (*f*) del artículo 12-A de la Ley de Alquileres Razonables (17 L.P.R.A. sec. 193(7) (*f*)) que lee:

" . . . Si en cualquier momento durante los doce meses siguientes a la fecha en que el arrendatario desaloje el local (de comercio o negocio) el arrendador lo cediese o arrendase a otra persona, indemnizará al arrendatario con los daños que se le hubieren causado, los cuales se fijarán en una suma que en ningún caso será inferior de doscientos (200) dólares o de seis mensualidades de alquiler, cualquiera de estas sumas que fuere la mayor, más las costas y honorarios de abogado, del demandante, según los fije el tribunal . . . "

Como podrá fácilmente determinarse, la responsabilidad que se impone en virtud de esta disposición presupone necesariamente que el objeto del contrato de arrendamiento haya sido una propiedad destinada a inquilinato, según este término se define en la ley mencionada. Y es por eso que la acción instada por el recurrente no puede prosperar ya que entre las partes hay una adjudicación expresa al efecto de que el inmueble arrendado no estaba sujeto al control de alquileres, por tratarse de un solar de los que no está expresamente cubierto por no contener edificaciones o edificios per-

---

(⁶) Sobre la suma satisfecha por honorarios de abogado como elemento reclamable en una acción posterior de daños y perjuicios, véase, *Cruz* v. *Ortiz*, 82 D.P.R. 834 (1961 y *Blanco* v. *La Capital*, 77 D.P.R. 642, 646 (1954).

tenecientes a distinto dueño. El demandante está impedido de relitigar este hecho que fue explícitamente promovido y adjudicado en el pleito de desahucio. (⁷) Aun cuando se considerara como una cuestión de derecho, siempre existiría la misma situación ya que la causa de acción aquí ejercitada surge del mismo asunto o transacción. *Restatement, Judgment,* sec. 70. A este respecto es conveniente recordar que el recurrente Pereira planteó esta cuestión en la moción que presentó para que se dejara sin efecto la sentencia, y precisamente, el tribunal determinó que eran infundados sus reparos basados en la aplicación de la Ley de Alquileres Razonables. Esta resolución prevaleció a pesar de que intentó nuevamente revivir la cuestión en la moción para que se le exonerara de los efectos de la sentencia, ya que la estipulación que se presentó para disponer de este incidente se limitó únicamente a cubrir cierto aspecto relacionado con el término para el desalojo del inmueble arrendado.

■■ Finalmente, aun cuando no fuera aplicable la doctrina de impedimento colateral a que nos hemos referido, siempre tendríamos que sostener la improcedencia de la acción por surgir afirmativamente de los documentos que tuvo ante sí el tribunal recurrido, que el objeto del contrato de arrendamiento entre las partes no estaba sujeto al control de alquileres. *Riera* v. *Tribunal,* 79 D.P.R. 635 (1956), resuelto apenas un mes después de dictarse la resolución del Tribunal de Distrito desestimando la moción para que se dejara sin efecto la sentencia, específicamente sostiene que:

---

(⁷) Cuando un hecho esencial para el pronunciamiento de una sentencia se dilucida realmente y se determina por una sentencia válida y final, tal determinación es concluyente en un segundo pleito entre las mismas partes aunque estén envueltas causas de acción distintas. Esta doctrina del impedimento colateral ha sido aplicada en varias acciones: *Fuentes* v. *Tribunal de Distrito,* 73 D.P.R. 959, 979 (1952); *Long Corporation* v. *Tribl. de Distrito,* 72 D.P.R. 788, 791 (1951); *Vidal* v. *Monagas,* 66 D.P.R. 622 (1946); *Restatement, Judgments,* sec. 68; Scott, *Collateral Estoppel by Judgment,* 56 Harv. L. Rev. 1 (1942); 65 Harv. L. Rev. 840 (1952); cf. *Tartak* v. *Tribunal de Distrito,* 74 D.P.R. 862, 871 (1953). Sobre adjudicaciones dentro de un pleito de desahucio como *res judicata,* véase, *Cruz* v. *Bruno,* 76 D.P.R. 966 (1954).

*a*) la Ley de Alquileres Razonables no incluye en sus disposiciones arrendamientos sobre solares baldíos o yermos en que no exista ningún edificio o local, aunque tales solares estén en la zona urbana y se usen para fines comerciales o industriales o para negocios; *b*) los edificios o locales para negocios que considera la ley mencionada son estructuras o edificaciones que de modo fundamental se usen en el ejercicio de una actividad comercial o industrial. Presumiendo la posición más favorable al demandante, o sea que los "garages" formaran parte del objeto arrendado, siempre tendríamos que concluir, como en el caso de *Riera*, que esta construcción es obviamente accesoria al negocio que se explotaba en el solar.

El único error señalado no fue cometido. *Se confirmará la sentencia dictada por el Tribunal Superior, Sala de San Juan, en 13 de noviembre de 1957.*

El Juez Asociado Sr. Santana Becerra no intervino.