# 96 DTA 150

**TRIBUNAL DE CIRCUITO DE APELACIONES
CIRCUITO REGIONAL DE SAN JUAN
PANEL IV**

JOAN FORSYTH
Recurrida

v.

THE ADHERENCE GROUP
Peticionario

Núm. KLCE-96-00469

San Juan, Puerto Rico, a 3 de octubre de 1996

Panel integrado por su presidenta, la Juez Alfonso de Cumpiano
y los Jueces Broco Oliveras y Miranda De Hostos

Broco Oliveras, Juez Ponente

**TEXTO COMPLETO DE LA RESOLUCION**

El día 16 de mayo de 1996 se presentó ante la Secretaría de este Tribunal el recurso de *certiorari* de epígrafe.

Se nos solicita que revoquemos la resolución dictada por el Tribunal *a quo* el día 2 de abril de 1996. Dicha resolución denegó la solicitud de Sentencia Sumaria Parcial solicitada por The Adherence Group (TAG), peticionario.

Por las razones más adelante expuestas, denegamos el recurso de *certiorari* solicitado.

# I

El día 13 de octubre de 1994, la parte aquí recurrida, la Sra. Forsyth, presentó ante el tribunal de instancia una demanda en contra de la parte peticionaria, TAG, reclamando salarios y otros beneficios, acogiéndose al procedimiento sumario provisto por la Ley Núm. 2 de 17 de octubre de 1961. Ese mismo día se emitieron emplazamientos bajo la citada ley. Mediante moción a tales efectos la Sra. Forsyth presentó el día 31 de mayo de 1995 una solicitud de nuevo emplazamiento, el cual una vez expedido por el tribunal, fue diligenciado junto al emplazamiento original el día 19 de junio de 1995.

TAG solicitó que se desestimara la demanda por incumplimiento de la Regla 4.3(b) de Procedimiento Civil, mediante moción radicada el día 27 de junio de 1995. TAG alegó que la Sra. Forsyth no diligenció el emplazamiento dentro del plazo de seis meses provisto por la Regla 4.3 de Procedimiento Civil y tampoco solicitó permiso para que se extendiera el plazo o para que se expidiera un nuevo emplazamiento dentro del término provisto por la citada Regla. Alegó además que no constituye justa causa para la concesión de una prórroga lo alegado por la Sra. Forsyth en el sentido de que TAG hubiera sido disuelta en mayo de 1995. Adujo TAG, en contrario, que ella ha estado realizando negocios en Puerto Rico ininterrumpidamente desde 1984, que la Sra. Forsyth trabajó como Gerente General de la empresa peticionaria desde el 1984 hasta el 19 de octubre de 1989 y que sus oficinas han estado localizadas en el mismo lugar todo el tiempo. Sobre la base de estas alegaciones, TAG solicitó la desestimación del caso. La Sra. Forsyth se opuso a la desestimación de la demanda. Finalmente el tribunal de instancia denegó la solicitud de desestimación el día 5 de diciembre de 1995. TAG no solicitó revisión de la orden de 5 de diciembre de 1995. Tres meses después, específicamente el 15 de marzo de 1996, TAG presentó una Moción de Relevo de Orden basada en la Regla 49.2 de Procedimiento Civil, 32 L.P.R.A., Ap. III. El tribunal de instancia denegó la referida moción de relevo.

El día 19 de enero de 1996 TAG solicitó que se dictara sentencia sumaria parcial al amparo de la doctrina de cosa juzgada e impedimento colateral. Se basó en que el Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico desestimó las reclamaciones instadas ante dicho foro bajo la Ley de Derechos Civiles (42 U.S.C. sec. 2000e), Ley de Discrimen en el Empleo por Razón de Edad (Age Discrimination in Employment Act, 29 U.S.C. sec.623), y Ley Federal de Igual Paga (Equal Pay Act, 29 U.S.C. sec. 206 (d)). Ante dicho foro reclamó también bajo las siguientes leyes de Puerto Rico: la Ley 100 de 30 de junio de 1959 y Ley 80 de 20 de mayo de 1976. Solicitó al tribunal de instancia que dictara Sentencia Sumaria Parcial en cuanto a las reclamaciones relativas a despido injustificado, falta de pago de días de vacaciones y días por enfermedad.

Mediante Moción de Relevo de Orden, etc. de 15 de marzo de 1996 TAG señaló que una corporación doméstica organizada por TAG fue disuelta en el año 1985, pero que TAG continuó operando hasta el presente como corporación foránea. Apéndice pág. 44. Basándose en dicha alegación, TAG arguye que las razones presentadas por la Sra. Forsyth para justificar prorrogar el plazo para diligenciar el emplazamiento son falsas e inmeritorias. El tribunal de instancia denegó la Moción de Desestimación y la Moción de Sentencia Sumaria Parcial. Ante nos se plantea que el tribunal de instancia erró al no desestimar la demanda de conformidad con la Regla 4 de Procedimiento Civil, 32 L.P.R.A. Ap. III; al no dictar sentencia sumaria tomando en cuenta que la otra parte no controvirtió los hechos por los cuales se solicitó sentencia sumaria y las doctrinas de cosa juzgada e impedimento colateral; y finalmente alega que erró al no desestimar las reclamaciones referentes a beneficios no pagados y al no concluir que la demandante obraba con temeridad.

La recurrida presentó el 28 de mayo de 1996 Oposición a Expedición de *Certiorari*. En la referida Oposición la recurrida alegó lo siguiente: que primeramente descubrió que TAG había sido disuelta pero tan pronto se enteró de que continuaba haciendo negocios en el mismo local solicitó la expedición de nuevos emplazamientos y procedió a emplazar; que TAG omitió incluir contestación a las alegaciones de los párrafos 3.2, 3.4 y 3.5 de la querella, por lo que se tiene admitido que TAG despidió a la recurrida sin justa causa; que TAG está tratando de

enmendar la demanda y el tribunal de instancia no ha autorizado la misma; que la etapa procesal en que se encuentra el caso no es la más apropiada para la expedición del auto; que es tardía la solicitud de *certiorari* ya que el tribunal *a quo* denegó la Moción de Desestimación el 5 de diciembre de 1995 (notificada el 7 de diciembre de 1995) y la referida solicitud se presentó cuatro meses después; que fue correcta la decisión del tribunal de denegar la moción bajo la Regla 49.2; que la decisión del Tribunal Federal no constituye cosa juzgada al no haber sido una adjudicación en los meritos; que tampoco aplica la doctrina de impedimento colateral; que contrario a la ley federal (ADEA), la Ley 80 crea una presunción a favor del trabajador de que su despido fue sin justa causa y el patrono tiene el peso de la prueba de establecer que dicho despido fue por causa justificada; y que la recurrida tenía derecho a vacaciones y a licencia por enfermedad a base de su contrato de trabajo y la costumbre de la empresa.

## II

Antes de proceder a discutir los planteamientos de TAG debemos hacer constar que TAG no puede utilizar el presente recurso de *certiorari* --el cual ha sido instado para impugnar la denegatoria de una moción bajo la Regla 49.2 de Procedimiento Civil-- para revisar los méritos de una orden de 5 de diciembre de 1995, denegatoria de una solicitud de desestimación de TAG, de la cual no se recurrió a tiempo.

Por otro lado, entendemos que a TAG no le asiste la razón en los méritos del presente recurso. Veamos.

El hecho de que expire el término de seis meses no tiene el efecto de que caduque la citación ni produce la nulidad de la misma, mucho menos afecta la jurisdicción del tribunal. Aun aplicando la regla con mayor severidad, no tendría más fuerza coercitiva que la asociada al cumplimiento estricto. *Banco Metropolitano v. Berríos,* 110 D.P.R. 721, 725 (1981). La sanción de desistimiento con perjuicio ordenada en la Regla 4.3(b) para la falta de diligencia del emplazamiento está predicada sobre la discreción del tribunal en la estimación de justa causa. *Banco Metropolitano, supra.* El tribunal de instancia en el uso de su discreción podía prorrogar el término del emplazamiento. En ausencia de alegación de TAG de que hubo arbitrariedad o abuso de discreción del juez al validar el emplazamiento diligenciado fuera del término original reglado, hemos de presumir su actuación bien fundada en justa causa, por lo que no intervendremos en su determinación. ■

TAG alega que el tribunal de instancia cometió error al denegar la moción de sentencia sumaria. Se basa TAG en que la Sra. Forsyth no controvirtió los hechos alegados en dicha moción los cuales son indicativos de justa causa para el despido. De la misma manera, TAG señala que, a base de las doctrinas de cosa juzgada e impedimento colateral, las determinaciones de hechos y las conclusiones de derecho del Tribunal Federal son obligatorias para el tribunal local, por lo que procede la desestimación del caso de Ley 80 instado en el tribunal de instancia.

La Sra. Forsyth alega en oposición, que TAG no hizo alegación responsiva en cuanto a los párrafos 3.2 y 3.4 de la querella, y admitió los párrafos 3.3 y 4.2 referentes a que la Sra. Forsyth era competente y acumuló un impresionante récord de trabajo. En los párrafos 3.2 y 3.4 se alegó que TAG despidió a la Sra. Forsyth sin justa causa. De acuerdo a la Sra. Forsyth, las admisiones que surgen de no negar los referidos párrafos 3.2 y 3.4 y de aceptar los párrafos 3.3 y 4.2 impiden que se dicte sentencia sumaria.

Entendemos que no erró el tribunal de instancia al denegar la solicitud de sentencia sumaria si de las alegaciones surgen admisiones que son incompatibles con los fundamentos de dicha solicitud.

Examinemos los planteamientos de cosa juzgada e impedimento colateral.

Tanto la doctrina de cosa juzgada como su modalidad de impedimento colateral persiguen los propósitos de proteger a los litigantes contra lo que representa defenderse en repetidas ocasiones tratándose de la misma controversia, evitar litigios innecesarios y evitar decisiones inconsistentes. *Pagán Hernández v. U.P.R.,* 107 D.P.R. 720 (1978); *Pereira v. Hernández,* 83 D.P.R. 160 (1961).

El Tribunal Supremo de Puerto Rico ha resuelto que la doctrina estatal de cosa juzgada es aplicable a situaciones en que se trate de sentencias previas dictadas por los tibunales federales que han asumido

jurisdicción a base de diversidad de ciudadanía. *Díaz Maldonado v. Lacot,* 123 D.P.R. 261 (1989). Ha determinado el Tribunal Supremo de Puerto Rico que las normas federales de cosa juzgada aplican cuando se trata de un dictamen federal acerca de una cuestión federal. *Id.* Una sentencia federal no constituye cosa juzgada, con relación a una reclamación estatal, si el tribunal federal decide no entender en la misma. *Id.*

El Tribunal Federal desestimó los casos de Ley 80, vacaciones, licencia por enfermedad y gastos de viaje por no exceder dichas reclamaciones de los $50,000 jurisdiccionales establecidos en dicho tribunal. Es nuestro criterio, que esa desestimación no fue en los meritos. Dichas reclamaciones, por lo tanto, pueden instarse en los tribunales locales y la decisión federal no constituye cosa juzgada en cuanto a la reclamación estatal.

En cuanto a la doctrina de impedimento colateral, aduce TAG que el Tribunal Federal adjudicó la defensa de despido justificado bajo las leyes federales que prohiben el discrimen y bajo la Ley 100 de 30 de junio de 1959, 29 L.P.R.A. sec. 146 *et. seq.*, de Puerto Rico. De acuerdo a TAG las determinaciones de hecho y conclusiones de derecho del Tribunal Federal son finales y concluyentes en cuanto a la reclamación de Ley 80 ante tribunal local.

De un examen de la Opinión del Tribunal Federal de 19 de agosto de 1993, podemos notar que los casos bajo el Título VII y ADEA fueron desestimados al no superar el tercer escalón de criterio esbozado en *McDonnell Douglas v. Green,* 411 U.S. 792 (1973). Es decir, la Sra. Forsyth no presentó prueba que demostrara que las razones para el despido ofrecidas por TAG eran un pretexto para encubrir el discrimen por razón de sexo. En la Opinión del Tribunal Federal de 20 de enero de 1994, el Tribunal Federal denegó la reclamación bajo la Ley 100, *supra*. Los elementos probatorios y el peso de la prueba en un caso de Ley 100 difieren de los requeridos para establecer un caso de Ley 80.

En cuanto a dicho planteamiento de error relacionado con la denegatoria de dictar sentencia sumaria, debemos añadir que no debe dictarse sentencia sumaria si la aplicación o no de la doctrina de cosa juzgada o impedimento colateral por sentencia depende de hechos que se encuentran en controversia. 18 Wright, Miller & Cooper, Federal Practice and Procedure, sec. 2735 (1981). Si el tribunal de instancia entiende que existe controversia que le impide dictar sentencia sumaria, no intervendremos con su determinación al denegar la misma en ausencia de pasión, prejuicio o parcialidad.

En cuanto a la reclamación sobre vacaciones y días por enfermedad, señala TAG que las mismas son improcedentes en derecho y que la Sra. Forsyth no controvirtió la alegación de que ella era ejecutiva. Ante esta alegación, la Sra. Forsyth alegó que tenía derecho a las referidas reclamaciones bajo el contrato de trabajo existente y la costumbre prevaleciente en la empresa, lo que establece una controversia no susceptible de resolverse por sentencia sumaria. El Tribunal tampoco va a intervenir con la determinación del tribunal de instancia al negarse a desestimar las reclamaciones por vacaciones y días por enfermedad.

Aunque el foro federal determinó que la Sra. Forsyth había sido temeraria, determinación que entendemos no es obligatoria para el tribunal de instancia, estimamos que en la etapa en que se encuentra el caso que nos ocupa, es prematura cualquier controversia sobre temeridad.

La Regla 11 del Reglamento del Tribunal de Circuito de Apelaciones establece los criterios a considerar al determinar si se expide un auto discrecional. El inciso cinco de dicha regla establece como criterio a considerar si la etapa en que se presenta el caso es la más propicia para su consideración. El inciso seis (6) de la citada regla requiere que se evalúe si el expedir el auto no causa un fraccionamiento indebido del pleito y dilación indeseable en la solución final del litigio.

A pesar de que el trámite del presente recurso ha tomado bastante tiempo, el mismo se encuentra en sus etapas iniciales. Aún está pendiente de resolver si se acepta la contestación enmendada a la querella que se presentara el 21 de marzo de 1996. La expedición del recurso en esta etapa y en las circunstancias de este caso fraccionaría el mismo y causaría una dilación indeseable en la solución final del caso. Es ante el tribunal de instancia que debe manejarse el caso y no ante nos.

Por las razones antes expresadas, denegamos el recurso ante nos.

Lo acordó el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

**ESCOLIO 96 DTA 150**

**1.** Banco Metropolitano, *supra*, págs. 723-724.