**PERFUMANIA, INC., Plaintiff**

v.

**PERFULANDIA, INC., et al., Defendants.**

**Civil No. 02–2733 (FAB).**

United States District Court, D. Puerto Rico.

Feb. 5, 2007.

Ina M. Berlingeri–Vincenty, Jesus E. Cuza–Abdala, PHV Daniel S. Coriat, PHV Ivonne Barroso, PHV John L. McManus, Greenberg Traurig PA, Fort Lauderdale, FL, for Plaintiff.

Jose Rafael Gonzalez–Rivera, Humacao, PR, Raymond A. Cabrera, Cabrera & Rico, Luis G. Salas–Gonzalez, San Juan, PR, for Defendants.

## ORDER

BESOSA, District Judge.

Upon consideration of Plaintiff's Motion in Compliance with Pretrial Order Regarding Scope of Trial (Docket Entry # 294) and Defendants' Opposition by Defendants Rafael Almonte and Zahatiel Zeballos to Plaintiff's Motion at Docket 294 (Docket Entry # 300) and the case law on point, it is the ruling of the Court that Plaintiff need not prove that Defendant Almonte personally infringed on Perfumania's trademark. Indeed, Plaintiff specifically states as much (Plaintiff Perfumania, Inc.'s Motion in Compliance with Pretrial Order in Compliance with Scope of Trial at 3). Perfumania only alleges that defendant Almonte is personally liable for the infringement committed by Perfulandia.

To succeed in that allegation, Perfumania must demonstrate at trial that defendant Almonte was the "moving, active, conscious force" behind Perfulandia's infringement. *Marks v. Polaroid Corp.*, 237 F.2d 428 (1st Cir.1956).

■ The Court also rules that the Agreement and General Release executed by defendant Zeballos and Magnifique Parfums is valid and enforceable and that defendant Zeballos is collaterally estopped from re-litigating its validity and enforceability. Under the doctrine of collateral estoppel, a fact essential to a valid judgment rendered in a prior case is res judicata in a second litigation regardless of whether the two cases present different causes of action. *Pereira v. Hernández*, 83 D.P.R. 160 (1961). In this case, the parties are the same as those in the prior state court litigation. This Court has already held that Perfumania is the real party in interest in this case based on an agreement with Magnifique Parfums, which is a party in the state court litigation. F.R. Civ. P. 17. Additionally, defendant Zeballos and Plaintiff Perfumania are litigating the same matter in this case as they did in the state court case—the validity and enforceability of the Agreement and General Release. Furthermore, the litigation in this case involves the same Agreement and General Release which was the

object of the litigation in the prior state court case. Only the "causes" are different. *Rodríguez v. Colberg Comas,* 131 D.P.R. 212 (1992). Finally, the state court action is final and unappealable.

Therefore, it is the ruling of this Court that plaintiff Perfumania need not prove at trial that defendant Almonte personally infringed on its trademark; it needs to prove, however, that defendant Almonte was the "moving, active, conscious force" behind Perfulandia's infringement to make him personally liable for Perfulandia's infringement; and that the Agreement and General Release signed by defendant Zeballos and Magnifique Parfums is valid and enforceable.

IT IS SO ORDERED.