| | | |
|---|---|---|
| Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL ESPECIAL | | |
| BEST BENNER BUILDING CORP.<br><br>Parte Peticionaria<br><br>v.<br><br>JESMALIE LÓPEZ LÓPEZ Y OTROS<br><br>Parte Recurrida | TA2025CE00888 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Caguas<br><br>Civil núm.: CG2024CV04393<br><br>Sobre:<br>Libelo, Calumnia o Difamación |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Rodríguez Flores.

Rodríguez Flores, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 23 de enero de 2026.

Comparece Best Benner Building Corp. (Best Benner o peticionaria) mediante una petición de *certiorari* instada el 11 de diciembre de 2025. Solicita que revoquemos la orden interlocutoria dictada y notificada el 12 de noviembre de 2025, por el Tribunal de Primera Instancia (TPI), Sala de Caguas. Mediante el referido dictamen, el TPI decretó la paralización de los procedimientos del presente caso hasta que se emitiera una decisión final en el pleito sumario de reclamación laboral núm. CG2024CV01635, entre las mismas partes.

De conformidad con la discreción que nos confiere la Regla 7(B)(5) de nuestro Reglamento[1], resolvemos denegar la expedición del auto de *certiorari*, sin trámite ulterior.

## I.

El 2 de diciembre de 2024, Best Benner incoó una demanda sobre difamación, libelo y calumnia contra la Sra. Jesmalie López

---

[1] Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025).

López (señora López) y otros demandados. En resumen, le imputó a la señora López haber promovido una querella en su contra al amparo del procedimiento sumario de reclamaciones laborales (caso núm. CG2024CV01635) basada en alegaciones falsas de discrimen, acoso laboral, despido injustificado, represalias e incumplimiento de contrato, que le ha lesionado la reputación y buen nombre de la empresa. Como remedio, Best Benner reclamó indemnización en daños y perjuicios por los actos alegados.[2]

El 7 de febrero de 2025, la señora López presentó una *Moción de Desestimación* al amparo de la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2. Su solicitud estuvo fundamentada en falta de jurisdicción sobre la materia y en que no existía una reclamación que justificara la concesión de un remedio. En primer lugar, adujo que la reclamación en daños y perjuicios no estaba madura, pues se encontraba sujeta al resultado del caso laboral núm. CG2024CV01635. Por otro lado, planteó que Best Benner se encontraba impedida de reclamar una compensación en daños y perjuicios por no haber prevalecido en un procedimiento administrativo previo ventilado ante la Oficina de la Procuradora de las Mujeres.[3]

Luego de varios trámites procesales que resultan innecesarios pormenorizar, el 9 de septiembre de 2025, Best Benner presentó su *Oposición a "Moción de desestimación"*.[4] En ésta, arguyó que la solicitud de desestimación por falta de jurisdicción sobre la materia constituía una excusa para impedir que el tribunal concediera un remedio en daños. Asimismo, aseguró que la demanda cumplía con los requisitos mínimos de una alegación y, por tanto, solicitó al TPI que atendiera la controversia en sus méritos.

---

[2] *Demanda,* expediente electrónico del caso CG2024CV04393 del Sistema Unificado de Manejo y Administración de Casos (SUMAC), Entrada 1.
[3] *Moción de Desestimación, Íd.,* Entrada 17.
[4] *Oposición a "Moción de desestimación", Íd.,* Entrada 38.

Tras evaluar la moción de desestimación y su correspondiente oposición, el 10 de septiembre de 2025, el TPI emitió una *Resolución sobre Moción de Desestimación.*[5] En ésta, concluyó que, al analizar las alegaciones de la demanda conforme al estándar de la Regla 10.2 de Procedimiento Civil, *supra*, éstas eran suficientes para sostener una causa de acción en daños y perjuicios en contra de la señora López, que ameritaba que Best Benner tuviera su día en corte y pudiera presentar prueba. Por tanto, denegó la solicitud de desestimación de la señora López.

Inconforme con la determinación, el 24 de septiembre de 2025, la señora López instó una *Moción de Reconsideración,* en la que reiteró sus planteamientos y añadió la defensa de cosa juzgada.[6]

El 25 de septiembre de 2025, notificada el 27 de septiembre de 2025, el TPI emitió una *Resolución sobre Reconsideración* mediante la cual declaró *no ha lugar* la moción de reconsideración de la señora López. En su dictamen, el foro primario indicó:

> En primer lugar, estimamos este caso debe permanecer en suspenso, mas no desestimado, pendiente la determinación sobre el cese del empleo de la demandante con la demandada en el caso laboral que corre paralelo a este. Este pleito sirvió para dar interrupción a cualquier término prescriptivo aplicable, y en nada se ven afectadas las partes manteniéndose el presente en suspenso hasta la resolución, parcial o final, del otro.
>
> En cuanto al planteamiento de cosa juzgada, este Tribunal se reserva el fallo pues no ha sido provisto con copia de la Resolución final de la Oficina de la Procuradora de las Mujeres (OPM) del 4 de enero de 2024, confirmada en revisión judicial por el Tribunal de Apelaciones, a manera de tomar conocimiento y disponer conforme.
>
> Tenga 15 días la demandada para volver a someter su planteamiento con copia de la Resolución aludida.[7]

En atención a lo ordenado, el 3 de octubre de 2025, la señora López presentó una *Moción en cumplimiento de orden y Solicitud de*

---

[5] *Resolución sobre Moción de Desestimación, Íd.,* Entrada 40.
[6] *Moción de Reconsideración, Íd.,* Entrada 41.
[7] *Resolución sobre Reconsideración, Íd.,* Entrada 42.

*Aclaración.* Según el propósito indicado en el título de la moción, requirió al tribunal que diera por cumplida su orden y, además, pidió a dicho foro que esclareciera el alcance de la expresión "el caso debe permanecer en suspenso" contenida en la Resolución notificada el 27 de septiembre de 2025, específicamente, si ello implicaba la paralización de los procedimientos del presente caso hasta que recayera la decisión en el pleito laboral paralelo.[8]

Evaluada la antedicha moción, el 3 de octubre de 2025, notificada el 6 de octubre de 2025, el TPI dictó una *Sentencia Parcial,* mediante la cual precisó que la paralización del presente caso perduraba hasta la resolución final del caso núm. CG2024CV01635 y, a tenor con la doctrina de cosa juzgada desestimó "únicamente cualquier causa de acción que pueda inferirse de las alegaciones 7 y 8 de la Demanda sobre la privación del derecho a un salón de lactancia y extracción de leche materna en su lugar de empleo y la Querella ante la OPM presentada por la demandada".[9]

Insatisfecha con el dictamen, el 10 de octubre de 2025, Best Benner incoó una *Moción Solicitando Reconsideración de Sentencia Parcial en cuanto a Paralización.* Alegó que la paralización de los procedimientos del caso lo privó de su derecho a descubrir prueba esencial para sustentar su reclamación, la cual, según razonó, corresponde a una causa de acción independiente al reclamo laboral. Indicó, además, que la prohibición contra la presentación de reconvenciones dentro del proceso sumario de la Ley Núm. 2 de 17 de octubre de 1961, 32 LPRA sec. 3118 *et seq.,* no prohíbe que un patrono reclame derechos contra el empleado querellante por vía de un pleito independiente.[10]

---

[8] *Moción en cumplimiento de orden y Solicitud de Aclaración, Íd.,* Entrada 43.
[9] *Sentencia Parcial, Íd.,* Entrada 44.
[10] *Moción Solicitando Reconsideración de Sentencia Parcial en cuanto a Paralización, Íd.,* Entrada 45.

El 14 de octubre de 2025, notificada el 15 de octubre de 2025, el TPI emitió una *Resolución sobre paralización* en la que modificó la *Sentencia Parcial* del 3 de octubre de 2025, en los siguientes términos:

> El Tribunal levanta la paralización de los presentes procedimiento únicamente en cuanto al descubrimiento de prueba, a manera de que se pueda preservar evidencia oportunamente.
>
> El Tribunal **deja en efecto la paralización de procedimiento adjudicativo ulterior** en el presente caso hasta que no se dé la finalidad del expediente CG2024CV01635. Por ser el proceso hermano uno de naturaleza sumaria, entendemos el presente expediente no se verá afectado adversamente. Entendemos que la evaluación del presente caso dependerá grandemente en las determinaciones de hecho que se lleven a cabo en el procedimiento hermano. Sopesando los intereses envueltos, entendemos prudente la paralización parcial de los presentes procedimientos, según arriba detallados, en aras de evitar contradicciones entre un proceso y otro.[11]

Así las cosas, el 27 de octubre de 2025, la señora López interpuso una *Moción de Reconsideración y/o Aclaratoria.* Recalcó que las alegaciones en que se basa la causa de acción del presente caso están intrínsecamente ligadas al caso laboral número CG2024CV01635, por lo que cualquier descubrimiento de prueba que realizara Best Benner en este caso sin que se haya dilucidado aquel, era un subterfugio para subvertir la naturaleza del proceso sumario del caso que no se encuentra paralizado y en el cual ya dicha parte realizó descubrimiento. Por ello, solicitó al TPI que revirtiera la determinación de modificar la sentencia parcial y mantuviera la paralización total del caso.[12]

El 28 de octubre de 2025, el TPI emitió una *Resolución de Paralización* mediante la cual declaró *ha lugar la Moción de Reconsideración y/o Aclaratoria* de la señora López y ordenó la

---

[11] *Resolución sobre paralización, Íd.,* Entrada 46.  (Énfasis original).
[12] *Moción de Reconsideración y/o Aclaratoria, Íd.,* Entrada 47.

paralización de los procedimientos del presente caso hasta la resolución final del expediente CG2024CV01635.[13]

El 10 de noviembre de 2025, Best Benner presentó *Moción Solicitando Reconsideración de Resolución de Paralización (Entrada 48).* Reiteró que le asiste el derecho a descubrir la prueba pertinente para reclamar los daños sufridos de su caso, cuya causa de acción es totalmente independiente del caso sumario. Así, suplicó que se dejara sin efecto la paralización y se continuara con el descubrimiento de prueba del presente caso.[14]

El 12 de noviembre de 2025, el TPI dictó y notificó la *Orden sobre Reconsideración* objeto de este recurso. En ésta, declaró *no ha lugar* a la *Moción Solicitando Reconsideración de Resolución de Paralización (Entrada 48)* y puntualizó que "[l]a continuación del descubrimiento de prueba de este caso causaría a la demandante ventaja indebida y contraria a la naturaleza sumaria del pleito CG2024CV01635 habido entre las partes".[15]

Inconforme con lo resuelto, el 11 de diciembre de 2025, Best Benner instó recurso de *certiorari*[16] que nos ocupa y apuntó el siguiente señalamiento de error:

> Erró el Honorable TPI al declarar con lugar la *Moción de Reconsideración* de la parte demandada y paralizar los procedimientos del caso CG2024CV04393 de Daños y Perjuicios, hasta la resolución del caso CG2024CV01635 (sumario), siendo el caso de daños un caso independiente del otro, y el proceso que tiene a su disposición el demandante para en Ley reclamar por los daños que le han causado, en adición a las controversias distintas, causando dicha determinación un perjuicio para la parte recurrente y no permitiendo que se realice el descubrimiento de prueba correspondiente, además de la deposición ya previamente pautada, a la demandada.

---

[13] *Resolución de Paralización, Íd.,* Entrada 48.
[14] *Moción Solicitando Reconsideración de Resolución de Paralización (Entrada 48), Íd.,* Entrada 51.
[15] *Orden sobre Reconsideración, Íd.,* Entrada 52.
[16] Expediente electrónico del caso TA2025CE00888, SUMAC-TA, Entrada 1.

**II.**

**A.**

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de superior jerarquía puede revisar, a su discreción, una decisión interlocutoria de un tribunal inferior.[17]

Ante un recurso de *certiorari* civil, tenemos que evaluar nuestra autoridad para expedir el mismo al amparo de la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1.[18] Ésta dispone que, el recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia solamente se expedirá por el Tribunal de Apelaciones cuando se recurra de una orden o resolución bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57, o de la denegatoria de una moción de carácter dispositivo.

No obstante, y por excepción a lo dispuesto anteriormente, el foro apelativo podrá expedir el recurso cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, casos de relaciones de familia, casos revestidos de interés público o cualquier otra situación, en la que esperar por una apelación constituiría un fracaso irremediable de la justicia. Según dispuesto en la Regla 52.1, *supra*, al denegar la expedición de un recurso de *certiorari*, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Superado dicho análisis, y aun cuando un asunto esté comprendido dentro de las materias que podemos revisar de conformidad con la Regla 52.1, *supra*, para poder ejercer debidamente nuestra facultad revisora es menester evaluar si, a la

---

[17] *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *800 Ponce De León v. AIG,* 205 DPR 163, 174 (2020).
[18] *Caribbean Orthopedics v. Medshape et al.,* supra.; *Scotiabank v. ZAF Corp.,* 202 DPR 478, 486 (2019).

luz de los criterios enumerados en la Regla 40 de nuestro Reglamento[19], se justifica nuestra intervención. Estos criterios son:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

En fin, la Regla 52.1 de Procedimiento Civil, *supra*, enumera en forma taxativa aquellas instancias en las cuales el Tribunal de Apelaciones no acogerá una petición de *certiorari*, mientras que la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* guía la discreción de este foro en aquellos asuntos en los que sí se permite entender, pero en los que los jueces ejercerán su discreción.[20]

Lo anterior impone a este Tribunal la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro de instancia, de forma que no se interrumpa injustificadamente el curso corriente de los casos ante ese foro.[21] Por tanto, de no estar presente ninguno de los criterios esbozados, procede abstenernos de expedir el auto solicitado para que continúen sin mayor dilación los procedimientos del caso ante el foro primario.

---

[19] Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 59-60, 215 DPR __ (2025).
[20] *Torres González v. Zaragosa Meléndez,* 211 DPR 821, 849 (2023).
[21] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008).

**B.**

El Tribunal Supremo ha establecido que los foros revisores no interfieren con las facultades discrecionales de los foros primarios, exceptuando aquellas circunstancias en las que se demuestre que éstos: (1) actuaron con prejuicio o parcialidad; (2) incurrieron en un craso abuso de discreción, o (3) se equivocaron en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo.[22] Además, se requiere que la intervención en esta etapa evite un perjuicio sustancial.[23]

La discreción judicial se define como "'una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera'".[24] El ejercicio de este discernimiento se encuentra estrechamente relacionado con el concepto de razonabilidad.[25] Así pues, la discreción no implica que los tribunales puedan actuar de una forma u otra en abstracción del resto del derecho.[26]

El Tribunal Supremo ha expresado que un tribunal abusa de su discreción:

> [...] cuando el juez no toma en cuenta e ignora en la decisión que emite, sin fundamento para ello, un hecho material importante que no podía ser pasado por alto; cuando el juez, por el contrario, sin justificación ni fundamento alguno, concede gran peso y valor a un hecho irrelevante e inmaterial y basa su decisión exclusivamente en éste, o cuando, no obstante considerar y tomar en cuenta todos los hechos materiales e importantes y descartar los irrelevantes, el juez los sopesa y calibra livianamente.[27]

---

[22] *Rivera et al. v. Arcos Dorados et al.,* supra, pág. 210; *Cruz Flores et al. v. Hosp. Ryder et al.,* 210 DPR 465, 497 (2022); *Rivera y otros v. Bco. Popular,* supra, pág. 155.

[23] *Lluch v. España Service Sta.,* 117 DPR 729, 745 (1986).

[24] *Rivera et al. v. Arcos Dorados et al.,* supra, citando a *Bco. Popular de P.R. v. Mun. de Aguadilla,* 144 DPR 651, 657–658 (1997).

[25] *VS PR, LLC v. Drift-Wind,* 207 DPR 253, 272 (2021); *Rivera y otros v. Bco. Popular,* supra.

[26] *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 435 (2013); *Bco. Popular de P.R. v. Mun. de Aguadilla,* supra, pág. 658.

[27] *SLG Zapata Rivera v. J.F. Montalvo,* supra, citando a *Pueblo v. Rivera Santiago,* 176 DPR 559, 580 (2009)).

**C.**

El efectivo funcionamiento del sistema judicial y la eficiente disposición de los asuntos litigiosos requieren que el Tribunal de Primera Instancia goce de gran discreción en el manejo de los casos que se ventilan ante sí.[28] A saber, el Foro Primario posee autoridad suficiente para conducir los asuntos litigiosos en la forma que su buen juicio le indique.[29]

El Tribunal de Primera Instancia es el foro que mejor conoce las particularidades del caso y está en mejor posición para tomar medidas que permitan trazar el curso del caso hasta su disposición final.[30] La discreción se fundamenta también en el contacto con los litigantes y la prueba que se haya presentado.[31]

**III.**

En su recurso, Best Benner cuestiona que el TPI paralizara los procedimientos del presente caso de daños hasta tanto se resuelva en trámite sumario del caso laboral núm. CG2024CV01635. Es su contención que la paralización decretada lo priva de su derecho a descubrir prueba esencial para sustentar su causa de acción, distinta al reclamo laboral paralelo. Subraya que la prohibición contra la presentación de reconvenciones dentro del proceso sumario de reclamaciones laborales no prohíbe que un patrono reclame derechos contra el empleado querellante por vía de un pleito independiente.

Conforme al derecho esbozado, los tribunales de primera instancia, como norma general, gozan de amplia discreción para pautar y conducir la tramitación de los procedimientos ante su consideración. Por ello, este foro apelativo no debe intervenir en el manejo del caso ante la consideración del foro primario, salvo

---

[28] *BRRP v. SLG Gómez-López,* 213 DPR 314, 333-334 (2023); *In re Collazo I,* 159 DPR 141, 150 (2003).
[29] *Íd.*
[30] *Mejías et al. v. Carrasquillo et al.,* 185 DPR 288, 306-307 (2012).
[31] *BRRP v. SLG Gómez-López,* supra, pág. 334.

quedara establecido que dicho foro incurrió con prejuicio, parcialidad, abuso de discreción o error en la aplicación de una norma procesal o de derecho sustantivo, y cuando nuestra intervención evite un perjuicio sustancial.

En el presente caso, el TPI entendió prudente paralizar los procedimientos ante su consideración porque las alegaciones en que se basa la causa de acción están ligadas a lo que resulte del caso laboral. El pronunciamiento del foro recurrido obedece a su responsabilidad de procurar el adecuado y efectivo curso de los procedimientos del caso ante su consideración y está claramente enmarcada dentro de la discreción que se le reconoce al para el manejo de los casos. Ante ello, nos abstenemos de intervenir con la orden recurrida.

Best Benner no demostró que el TPI abusara de su discreción, actuara con prejuicio o cometiera un error manifiesto en su determinación. Tampoco identificamos fundamento alguno que justifique expedir el auto de *certiorari* para evitar un fracaso de la justicia.

Así pues, el examen detenido del expediente apelativo y de los documentos que conforman el apéndice, vistos a la luz de la normativa que nos guía en el ejercicio revisor, nos lleva a concluir que no se configura ninguna circunstancia que justifique expedir el auto discrecional solicitado.

Ante dicho escenario, nos abstenemos de intervenir con el dictamen recurrido.

**IV.**

En virtud de lo anterior, denegamos la expedición del auto de *certiorari.*

Notifíquese.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones. El Juez Sánchez Ramos está conforme por las razones arriba consignadas y, además, porque la demanda de referencia debió ser desestimada por no articular una causa de acción viable. Véase la Regla 10.2 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2. Adviértase que, como cuestión de derecho, no existe la pretendida causa de acción (daños sufridos por un patrono a raíz de una reclamación laboral de una empleada). En efecto, "en nuestra jurisdicción **no existe** *per se* la acción civil de daños y perjuicios como consecuencia de un pleito civil." *Giménez Álvarez v. Silén Maldonado,* 131 DPR 91, 96 (1992) (énfasis suplido). Es decir, en "términos generales, el Derecho Puertorriqueño no reconoce la existencia de la acción civil de daños y perjuicios como consecuencia de un pleito civil." *Giménez Álvarez, supra,* a la pág. 96 (citando de *Pereira v. Hernández,* 83 DPR 160, 164-65 (1961)); *García, v. E.L.A.,* 163 DPR 800, 810 (2005). De ordinario, la "sanción judicial por el uso indebido de los procedimientos legales se traduce en la condena en costas y honorarios de abogado ... dentro del mismo pleito". *Giménez Álvarez, supra,* a la pág. 97 (citando de *Pereira, supra,* a las págs. 164-65).

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones