Carlos A. CRUZ–BAEZ, et als.,

v.

Isidro NEGRON–IRIZARRY, in his official capacity as Mayor of the Mun. of San German and in his personal capacity defendant.

Civil No. 01–1619 (DRD).

United States District Court,
D. Puerto Rico.

Sept. 4, 2002.

Ivan M. Castro–Ortiz, Eliezer Aldarondo–Ortiz, Aldarondo & Lopez Bras, Hato Rey, PR, Wanda I. Acosta–Ocasio, Epifania Guzman–Cruz, Luz M. Baez–Garcia, San German, PR, for plaintiff.

Johanna M. Emmanuelli–Huertas, Pedro Ortiz Alvarez Law Offices, Ponce, PR, Marie L. Cortes–Cortes, Commonwealth Department of Justice Federal Litigation Division, San Juan, PR, for defendant.

## OPINION AND ORDER

DOMINGUEZ, District Judge.

Pending before the Court is defendants' motion to dismiss the complaint for failure to state a claim, pursuant to FED. R.CIV.P. 12(b)(6). After referring this matter to Magistrate Judge Gustavo Gelpi, a Report and Recommendation (R & R) was issued, recommending this Court to grant the motion to dismiss. (Docket No. 55). Plaintiffs, nevertheless, filed a motion challenging the conclusions reached in the R & R. After examining the R & R and objections thereto, the Court hereby **GRANTS in PART and DENIES in PART** defendants' motion to dismiss. (Docket No. 34).

## I.

### MAGISTRATE REPORT AND RECOMMENDATION

The District Court may refer dispositive motions to a United States Magistrate Judge for a Report and Recommendation. 28 U.S.C. § 636(b)(1)(B) (1993); FED.R.CIV. P. 72(b); Rule 503, Local Rules, District of Puerto Rico. See Mathews v. Weber, 423 U.S. 261, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). Of course, an adversely affected party may contest the Magistrate's report and recommendation by filing its objections within ten (10) days after being served a copy thereof. See Local Rule 510.2(A); FED.R.CIV. P. 72(b). Moreover, 28 U.S.C. § 636(b)(1), in pertinent part, provides that:

Within ten days of being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate. See 28 U.S.C. § 636(b)(1).

However, pursuant to FED.R.CIV. P. 72(b), "[a]bsent objection by the plaintiffs, the district court had a right to assume that plaintiffs agreed to the magistrate's recommendation." Templeman v. Chris Craft Corp., 770 F.2d 245, 247 (1st Cir. 1985), cert. denied, 474 U.S. 1021, 106 S.Ct. 571, 88 L.Ed.2d 556 (1985). Moreover, "[f]ailure to raise objections to the Report and Recommendation waives that party's right to review in the district court and those claims not preserved by such objection are precluded on appeal." Davet v. Maccarone, 973 F.2d 22, 30–31 (1st Cir. 1992). See also Henley Drilling Co. v. McGee, 36 F.3d 143, 150–151 (1st Cir.1994) (holding that objections are required when challenging findings actually set out in magistrate's recommendation, as well as magistrate's failure to make additional findings); Lewry v. Town of Standish, 984 F.2d 25, 27 (1st Cir.1993) (stating that "[o]bjection to a magistrate's report preserves only those objections that are specified"); Keating v. Secretary of H.H.S., 848 F.2d 271, 275 (1st Cir.1988); Borden v. Secretary of H.H.S., 836 F.2d 4, 6 (1st Cir.1987) (holding that appellant was entitled to a de novo review, "however he was not entitled to a de novo review of an argument never raised"). See generally United States v. Valencia–Copete, 792 F.2d 4, 6 (1st Cir.1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir.1980).

Provided plaintiffs have objected to all the determinations addressed by the Magistrate, the Court shall make a de novo determination of the R & R.

## II

## FACTUAL AND PROCEDURAL BACKGROUND[1]

Plaintiffs filed this suit against defendants, pursuant to 42 U.S.C. § 1983, alleging their constitutional rights were violated under the Constitution and laws of the United States, and further alleging violation of rights under the Constitution and laws of Puerto Rico, and pursuant to articles 1802 and 1803 of Puerto Rico's Civil Code, 31 P.R. STAT. ANN., §§ 5141, 5142.

▆ In essence, the complaint alleges that plaintiffs, who were employees of the Municipality of San German, a southwestern town of Puerto Rico, were illegally discharged and/or demoted, due to their political beliefs. After plaintiffs' filed an amended complaint, five (5) defendants filed a motion to dismiss the complaint for failure to state a claim against them. (Docket No. 34). These defendants are Ramon L. Segarra, Rafael Perez–Mercado, Irma Soto, Luis E. Padovani–Padilla, and Jose Nazario. Said defendants allegedly held supervisory positions in the municipality's administration, and over plaintiffs. Thus, their motion to dismiss was centered on two (2) basic points, to wit: first, they requested dismissal for lack of jurisdiction, based on the fact that they were merely plaintiffs' municipal supervisors, and that the factual allegations of the complaint fail to name any of them (save Mr. Ramon L. Segarra); that the acts stated in the complaint point to the Mayor, Isidro Negron–Irizarry, as the person who terminated their jobs at the municipality; and thus, from the pleadings, the allegations are insufficient against them.[2] Secondly, their motion to dismiss alleges that the complaint should be dismissed as to plaintiffs' claims for money damages against the Commonwealth of Puerto Rico.[3]

Plaintiffs filed an opposition to defendants' motion to dismiss, on March 19, 2002. (Docket No. 38). In their opposition, plaintiffs invite the Court to read their complaint liberally, arguing that a claim under § 1983 "must permit a reasonable person to infer that political discrimination was a substantial or motivating factor behind the adverse personnel action endured by the plaintiff." (Docket No. 38, p. 3). Moreover, they suggest that "the key question is whether the direct and/or circumstantial evidence proffered, taken as a whole, give [*sic*] rise to a plausible inference of discriminatory animus which ultimately possesses enough convincing force to persuade a rational fact finder that the defendants' conduct was political motivated." (*Id.*) Nonetheless, in their opposition plaintiffs acquiesced to the dismissal of the amended complaint with respect to two (2) of said defendants, to wit, Rafael Perez–Mercado and Luis E. Padovani–Padilla.

The matter was referred to Magistrate Judge Gustavo Gelpi for report and recommendation, on June 13, 2002. (Docket No. 45). On July 31, 2002, an R & R was

---

1. All of the facts alleged in the complaint are accepted as true, for purposes of the motion to dismiss only. *Dartmouth Review v. Dartmouth College,* 889 F.2d 13, 16 (1st Cir.1989).

2. Although the Court deems their contention is cut out to be more specifically an argument for lack of cause of action, than one for lack of jurisdiction.

3. Since defendants' motion to dismiss limited the scope of argument and analysis to these two (2) points, the Court shall limit its discussion to said matters only, as did the Magistrate in the report and recommendation. A party "cannot expect a trial court to do his homework for him." *McCoy v. Massachusetts Institute of Technology,* 950 F.2d 13, 22 (1st Cir.1991). Rather, parties have an affirmative responsibility to put their best foot forward in an effort to present a legal theory that will support their claim. *Id.* at 23 (citing *Correa–Martinez, supra* at 52; *Dartmouth Review, supra; Ryan v. Scoggin,* 245 F.2d 54, 57 (10th Cir.1957).

issued, recommending this Court to grant the motion to dismiss. (Docket No. 55). On August 9, 2002, plaintiffs filed a "partial objection" to the R & R. (Docket No. 58). As stated above, since plaintiffs consented to the dismissal of two defendants in their opposition, the Court shall review *de novo* the R & R only with respect to three (3) of the defendants; to wit, Ramon L. Segarra, Irma Soto, and Jose Nazario. However, since plaintiffs agree they fail to state a cognizable claim against Mr. Rafael Perez–Marcado and Mr. Luis E. Padovani–Padilla, in their complaint, thus, dismissal shall thus be entered forthwith as to these two named defendants.

## III

## MOTIONS TO DISMISS

As the Magistrate correctly indicated, when deciding a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all well-pleaded factual claims, and indulge all reasonable inferences in plaintiff's favor. *Doyle v. Hasbro, Inc.*, 103 F.3d 186, 190 (1st Cir.1996). Furthermore, dismissal under Federal Rule of Civil Procedure 12(b)(6) is appropriate if the facts alleged, taken as true, do not justify recovery. *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir.1996). In order to survive a motion to dismiss, plaintiff must set forth "factual allegations, either direct or inferential, re-garding each material element necessary to sustain recovery." *Gooley v. Mobil Oil Corp.* 851 F.2d 513, 515 (1st Cir.1988). Although all inferences must be made in plaintiff's favor, the Court need not accept "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." *Aulson*, 83 F.3d at 3. Moreover, when considering a motion to dismiss under Rule 12(b)(6) the Court must limit its focus to the allegations of the complaint. *Litton Indus., Inc. v. Colon*, 587 F.2d 70, 74 (1st Cir.1978). Specifically, the inquiry should be "whether a liberal reading of [the complaint] can reasonably admit of a claim . . . ." *Id.; see also Doyle*, 103 F.3d at 190.

With respect to civil rights suits, in *Judge v. City of Lowell*, 160 F.3d 67, 74 (1st Cir.1998), the First Circuit explained that "an action under section 1983 against state officials in their individual capacities requir[es a] plaintiff to prove improper motive . . . ." Thus, the Court stated, the burden is on plaintiffs to put forth in their complaint, "specific, nonconclusory factual allegations that establish that defendant acted based upon an improper motive." *Id.* at 75 & n. 10 (*citing Crawford–El v. Britton*, 523 U.S. 574, 118 S.Ct. 1584, 1596, 140 L.Ed.2d 759 (1998));[4] *see also Dartmouth Review*, 889 F.2d at 16. "Put another way, the element of illegal motive must be pleaded by alleging specific non-

---

**4.** In *Judge* the First Circuit specifically examined the effect of the Supreme Court's ruling in *Crawford–El* on the Circuit's long-standing rule on pleadings, as established in *Dartmouth Review* and *Correa–Martinez v. Arrillaga–Belendez*, 903 F.2d 49, 51 (1st Cir.1990)(requiring that alleged facts in complaint "specifically identify the particular instance(s) if discriminatory treatment and, as a logical exercise, adequately support the thesis that the discrimination was unlawful"). The First Circuit in *Judge* concluded "that the five Justices writing for the Court in Crawford–El permitted an approach similar to ours in Dartmouth Review and Correa–Martinez, calling for the pleading of specific facts from which to infer illegal motive—although the [Supreme] Court limited its carefully-phrased endorsement of that approach to constitutional claims in which 'improper motive' was an essential element for plaintiff to prove." *See Judge*, 160 F.3d at 74 (emphasis added). The First Circuit then applied the agreeable standard, namely, "specific, nonconclusory factual allegations that establish that defendant acted based upon an improper motive." *Id.* at 75. Moreover, this Court is aware that the First Circuit in *Judge* reiterated the rule "that a trial court should provide plaintiff an opportunity to cure a deficiency after notice

conclusory facts from which such a motive may reasonably be inferred, not merely by generalized asseveration alone." *Judge,* 160 F.3d at 72. "This circuit and others have held that in civil rights cases ... a bare conclusory allegation of the critical element of illegal intent ... is insufficient." *Id.; see also Alfaro v. Ward,* 814 F.2d 883, 887 (2nd Cir.1987) (The court states, "allegations which are nothing more than broad, simple, and conclusory statements are insufficient to state a claim under § 1983") (*citing Koch v. Yunich,* 533 F.2d 80, 85 (2nd Cir.1976)).

In any event, the Court shall be mindful of the First Circuit's recent admonition in *Wagner v. Devine,* 122 F.3d 53 (1st Cir. 1997). There, the First Circuit held that a court must dismiss for failure to state a claim "only if it clearly appears that, on the facts alleged, the plaintiff cannot recover on any viable theory." *Id.* at 55. And the court is also mindful of the Supreme Court's decades-old instruction in *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), that

[i]n appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

*Id.* at 45–46, 78 S.Ct. 99. With this standard in mind, all of the facts alleged in the complaint are accepted as true, for purposes of the motion to dismiss only. *Dartmouth Review,* 889 F.2d at 16; *Gooley,* 851 F.2d at 514.

## VI

## ANALYSIS

▉▉▉ The Court has thoroughly examined the amended complaint. (Docket No. 28). At the outset, the Court notes that asseverations contained therein—or lack thereof—, at first glance, may appear to support dismissal, but on different grounds, not raised by defendants.[5] But

---

that [it] intend[s] to invoke a specificity or pleading requirement." *Id.* at 75 n. 11; *see also Boston & Maine Corp. v. Hampton,* 987 F.2d 855, 865 (1st Cir.1993)("rising litigation costs (and the associated impact of an improper threat of litigation) speak for requiring some specificity before permitting a claimant 'to drag a defendant past the pleading threshold' ")(*quoting Gooley v. Mobil Oil Corp.,* 851 F.2d 513, 515 (1st Cir.1988)).

5. For example, the Court harbors serious doubt as to whether many named plaintiffs— "Law 52–plaintiffs"—have a valid due process cause of action in this case, to wit, those plaintiffs which were employed pursuant to Law 52. The complaint explains that some of the plaintiffs in this case, were "Law 52–plaintiffs." Law 52, also referred to as Puerto Rico's Act 52, of August 9, 1991, was created *inter alia* to establish an Employment Opportunities Development Fund, and to promote employment opportunities within Puerto Rico's central and local, municipal governments. These funds are separate from all

other governmental funds, that is, from general, fiscal-year budget. Since 1992, the Municipality of San German, as well as other municipalities across the Commonwealth, sought participation ·in the awarding of said funds. Once those funds were granted and available, the local municipalities would use said funds "to subsidize a number of municipal jobs." *See* Amended Complaint, pp. 4–5, Docket No. 28. On December 7, 2000, the Director of Human Resources sent a letter to *those plaintiffs which were employed pursuant Law 52,* reminding them "that their Law 52 funded employment contracts expired on December 31, 2000." *See* Amended Complaint, p. 5, Docket No. 28. Indeed, the complaint states that "came December 31, 2000, **all Law 52 plaintiffs joined the unemployment lines.**" *See* Amended Complaint, p. 6, Docket No. 28 (emphasis added). Defendant Isidro Negron–Irizarry was sworn-in as mayor of San German, on January 9, 2002. The complaint also states that sometime *after he was sworn-in* (that is, after January 9), those plaintiffs which were employed pursuant to

the Court at this time shall only address those issues found in the motion to dismiss, and which were presented to Magistrate Gelpi. In the R & R, Magistrate Gelpi found the allegations in the complaint to be generally insufficient; he stated:

> The allegations presented by the plaintiffs do not satisfy their burden of setting forth the elements necessary for a § 1983 claim. Once again, the Court

Law 52 expressed to the new mayor their willingness to "renew their former duties **as soon as the new proposal for Law 52 Funds,** already in the pipeline, **were approved."** *Id.* (emphasis added). Moreover, in their complaint, plaintiffs specifically recognize that proposal for Law 52 Funds was "**pending ... at the time that their employments with the Municipality of San German ended on December 31, 2000.**" *Id.,* para. 22 (emphasis added). At some point after the new administration was inaugurated, the proposal for said funds was approved. And because those plaintiffs which had been employed pursuant to Law 52 up until December 31, 2000, were not rehired once the funds were approved, they claim their federal rights were violated. However, as stated above, the Court harbors serious doubt as to whether the "Law 52–plaintiffs" have a valid cause of action under a due process violation, vindicating their property rights.

If a position is clearly terminable at the will of his superiors, an employee under § 1983 cannot claim a property interest over it, under the due process clause of the Constitution. *Bishop v. Wood,* 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976); *Arnett v. Kennedy,* 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974), *rehearing denied,* 417 U.S. 977, 94 S.Ct. 3187, 41 L.Ed.2d 1148 (1974); *Perry v. Sindermann,* 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972); *Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). Local law is pivotal for the determination of whether an employee has in fact an "entitlement" to his or her job under the due process clauses. *See Logan v. Zimmerman Brush Co.,* 455 U.S. 422, 430, 102 S.Ct. 1148, 1155, 71 L.Ed.2d 265 (1982)("The hallmark of property ... is an individual entitlement grounded in state law"). *See also Ventetuolo v. Burke,* 596 F.2d 476, 481 (1st Cir.1979)("A

notes that the focus for a motion to dismiss is limited to the complaint. In examining the amended complaint, the plaintiffs make full mention [of] a § 1983 claim against Mayor Negrón, but fail to do so against Segarra and the other defendants. Plaintiffs make a mere mention of Segarra, as being Negron's top advisor in personnel matters and as being "in cahoots" with him and simply add "as well as other defendants." The

constitutionally protected property interest has not been recognized where the employee serves at the will and pleasure of the public employer").

Nevertheless, the Court notes that some of the plaintiffs potentially subject to dismissal at this stage, are "Law 52–plaintiffs." For example, the Court has reviewed the amended complaint (Docket No. 28) and notes that, at the time of their termination, plaintiffs Felix A. Casiano–Rodriguez, Lisbette Valverdi–Suris, Marisol Sanabria–Irizarry, Marisa Ramirez–Negron, Maria Vargas–Calderon, all held "career positions" at the Municipality of San German.

On the other hand, the Court notes a potential cause of action under the First Amendment, similar to the cause recognized to transitory employees. *Cheveras Pacheco v. Rivera Gonzalez,* 809 F.2d 125 (1st Cir.1987)("transitory" employees are entitled to First Amendment protection when their contracts or appointments are not renewed for partisan political motivation—even if the transitory employee lacks a property interest in continued employment). *See Perry v. Sindermann,* 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972)(Supreme Court held that the nonrenewal of a college professor's contract would violate the first amendment if it were based on his protected free speech—even if the professor lacked a property interest in continued employment. *See also Branti v. Finkel,* 445 U.S. 507, 100 S.Ct. 1287, 63 L.Ed.2d 574 (1980); *Elrod v. Burns,* 427 U.S. 347, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976). The Court, however, shall not adjudicate these matters at this moment; mainly because defendants have chosen not to address the due-process issue, nor the issue related to plaintiffs' cause of action under the First Amendment of the Constitution.

Court will not find causation to be well-pleaded where liability is imposed purely as result of the employment relationship. In this case, the plaintiffs do not specify the acts or omissions caused onto them by the defendants.

*See* R & R, p. 8, Docket No. 55 (footnote omitted). Accordingly, on that score, Magistrate Gelpi recommended dismissal of the complaint as to Irma Soto, Ramon L. Segarra and Jose Nazario.

## A. THE COMPLAINT FAILS TO CLEARLY STATE A CLAIM AGAINST MS. IRMA SOTO

Plaintiffs have objected to the R & R. In their objection to the R & R, plaintiffs recognize that their pleadings against said three co-defendants, Irma Soto, Ramon L. Segarra and Jose Nazario, are not supported by sufficient factual averments. The Court examines the matter *seriatim* as to these co-defendants.

 Plaintiffs emphasize that their case against these defendants will be established via circumstantial evidence, and argue that discriminatory animus may be established "with circumstantial evidence alone."[6] Plaintiffs then explain how they believe the circumstantial facts alleged in the complaint allow inferences which support their suit against each defendant. For example, they contend that the claims lodged against Irma Soto relate to plaintiff Pedro J. Irizarry–Bonilla, inasmuch as she was the Federal Programs Director, and Mr. Irizarry–Bonilla held a position at the

Federal Programs Division. But aside from this statement made in their objection—and the Court notes it is not alleged in the complaint—the Court has found no other element which relates these two persons. Moreover, the Court has examined the allegations relating to Mr. Irizarry–Bonilla in the amended complaint, and has found that Ms. Irma Soto is never mentioned. Not once. The complaint, as amended, merely states that Mr. Irizarry–Bonilla "was handed a letter over the signature of defendant Isidro Negron–Irizarry," which gave him notice of his termination, but not even a hint is made as to who handed him said letter, or whether it was Irma Soto that did so. And to hold *sua sponte* that it was Ms. Soto who handed him the letter of termination, or even assisted the new mayor in doing so, in the Court's opinion, would not be "reasonable inference," but mere, unfounded speculation.[7] Moreover, the fact that Ms. Soto headed the department where Mr. Irizarry–Bonilla so-happened to work, even when taken as true, does not allow the Court to **reasonably** infer a claim against Ms. Soto, for which relief could be granted. The Court finds that even a liberal reading of the complaint would not render acceptable the notion that Ms. Soto had any causal relation as to Mr. Irizarry–Bonilla's illegal discharge. Even a liberal reading of plaintiffs' pleadings would render that conclusion unsupportable.[8]

Plaintiffs argue that the Court should not dismiss their claims against Ms. Irma

---

**6.** In support of their contention they cite to the cases of *Acosta–Orozco v.*, 132 F.3d at 101–02 and *Hodgens v. General Dynamics Corp.*, 144 F.3d 151, 171 n. 8 (1st Cir.1998).

**7.** *Cruz v. Skelton,* 543 F.2d 86, 91 (5th Cir.1976)(conclusory statement without more "is mere speculation, totally unsupported by factual averments, and is hence insufficient to support a § 1983 complaint"), *cert. denied,* 433 U.S. 911, 97 S.Ct. 2980, 53 L.Ed.2d 1096 (1977).

**8.** In fact, the Court notes that the pleadings only make mention of Mr. Irizarry–Bonilla's political affiliation; however, they are completely silent as to Ms. Soto's political preference. A claim against her would necessitate evidence that she disagreed with Mr. Irizarry–Bonilla's political preference, and so aided the new mayor in his termination. The complaint fails to enlighten us as to this critical factor. And the Court simply refuses to speculate as to her political affiliation.

Soto because they believe the "circumstantial evidence proffered," when taken as a whole, give rise "to a plausible inference **of discriminatory animus** which ultimately possesses enough convincing force to persuade a rational fact finder that the defendants' conduct was political motivated." [9] The problem is that discriminatory animus as to Ms. Irma Soto has not been at question here; the Court cannot make inferences as to the motives of a person who is not even mentioned in the factual averments of the complaint. If a mere mention of Ms. Soto and her possible involvement in the termination of plaintiffs had **at least** been made in the factual allegations of the complaint relating to Mr. Pedro J. Irizarry–Bonilla (the person plaintiffs' argue was discriminated by her), the Court would be in a better position to make inferences as to her discriminatory animus.[10] **But Ms. Soto is not even mentioned.** The Court has thoroughly examined the amended complaint, specifically the factual allegations relating to Mr. Pedro J. Irizarry–Bonilla (as plaintiffs have advised the Court), and absolutely nothing is stated as to Ms. Soto. The Court plainly cannot infer Ms. Soto acted with discriminatory, and political, motivation, **when she is not even mentioned in the factual allegations relating to Mr. Irizarry–Bonilla.**[11] The Court is obligated to follow the standard that, when considering a motion to dismiss under Rule 12(b)(6), limiting its focus to the allegations of the complaint. *Litton Indus., Inc.*, 587 F.2d at 74. The Court has limited its inquiry to the amended complaint, filed on December 20, 2001, and accordingly is not persuaded by plaintiffs arguments, particularly in light of the scanty allegations of said complaint.

Plaintiffs further invite the Court to infer that "[b]ased on plaintiff [Irizarry–Bonilla's] averments, a trier of facts may reasonably infer at this early juncture that his dismissal was influenced or carried out at the behest of defendant Irma Soto, the Federal Programs Office Director, and plaintiff Bonilla's immediate supervisor." [12] But again, having examined the amended complaint, the Court cannot make such speculative leap, at least not based on the factual averments of the complaint. As stated above, no reasonable inference may be made when the allegations against Mr. Irizarry–Bonilla don't even mention Ms. Soto. Thus, the Court declines plaintiffs' invitation.

However, the Court emphasizes that there is no question that, in general, plaintiffs have succeeded in stating a clear claim under § 1983. In that sense, their complaint shall not be dismissed. The Court has simply found today that plaintiffs have failed to **clearly** state a claim **against Ms. Irma Soto,** that is, in a manner that is beyond doubt. *Conley,* 355 U.S. at 45–46, 78 S.Ct. 99.[13] As such, plaintiffs' claims against Irma Soto shall be dismissed.

---

9. Docket No. 38, p. 3 (emphasis added).

10. Under that scenario, the Court would most likely be making inferences of discriminatory animus favoring plaintiffs. *See Judge,* 160 F.3d at 74.

11. In fact, the only place where Ms. Soto is mentioned in the amended complaint is in paragraph no. 9, which simply states: "Defendant Irma Soto is the Municipality of San German's Federal Programs Director. She is sued in her official and personal capacities." Docket No. 28.

12. Docket No. 58, p. 7.

13. Indeed, their claims against the new mayor, Isidro Negron–Irizarry, and the Municipality of San German have been clearly stated beyond doubt. However, as stated before, neither the new mayor nor the municipality have been included in this motion to dismiss.

## B. THE COMPLAINT SUFFICIENTLY STATES A CLAIM AGAINST MR. RAMON L. SEGARRA

■ According to the amended complaint, Ramon L. Segarra is the Human Resources Director for the Municipality of San German.[14] Plaintiffs argue in their objections to the R & R that, "as the person in charge of personnel matters in the Municipality of San Germán, [he] could have conceptually been the catalytic agent **causing plaintiffs to be ultimately subjected** to the adverse personnel transactions underlying this case."[15] Then plaintiffs argue that because Segarra is precisely the person in charge of the municipality's human resources issues, then "most, if not all, personnel actions carried out by defendant Isidro Negron–Irizarry since swearing in as Mayor of San German have been taken in cahoots and consultation with defendant Ramon Luis Segarra."[16] On this score alone, plaintiffs are confident they "have put forward a prima facie cause of action against said defendant under 42 U.S.C.A. § 1983."[17] In their objections to the R & R, plaintiffs conclude by stating the following:

> Plaintiffs feel compelled to note at this juncture their presence about the scheme which likely lies in lurk if human resources directors who, as stated before, are often the actual designers of the municipality's personnel policies, are let go away with impunity at the early stages of fray or otherwise fraught with a strong politically discriminatory impression. In that case, the buck is likely to be passed subsequently from the mayor to the then immune human resources director, and both might end up having their cake and eating it too at the expense of innocent people's constitutional rights. Accordingly, plaintiffs submit to this Court that, at early stages of civil rights litigation based on political discrimination, a mayor and his/her human resources director should walk in tandem, unless exigent circumstances not present here dictate otherwise.[18]

The Court forewarns plaintiffs that they are skating on thin ice with respect to Mr. Segarra. The Court is just barely convinced of their argument. The Court further notes that their complaint is bereft of any allegations supporting their argument. Notwithstanding, the Court shall accept their argument at this time, albeit with future close security and serious reservations. The allegations of the complaint are scanty. But because at the motion-to-dismiss stage, a doubtful court is required to favor plaintiff, the Court shall not dismiss plaintiffs' claims against Mr. Segarra, at this time, because it harbors **some** doubt that plaintiffs cannot prove a claim against Mr. Segarra. *See Conley*, 355 U.S. at 45–46, 78 S.Ct. 99 (a complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief").[19] Moreover, the Court finds their theory to be sufficiently "viable"—

---

14. Paragraph no. 7 of the amended complaint states that: "Defendant Ramon Luis Segarra is the current Human Resources Director of the Municipality of San German. He is sued in his personal and official capacities." Docket No. 28.

15. Docket No. 58, p. 10.

16. *Id.*, p. 11.

17. *Id*, p. 12.

18. *Id.*

19. The Court emphasizes that plaintiffs have barely survived dismissal, as to Mr. Segarra. Furthermore, the Court forewarns plaintiffs that, unless they are able to provide solid, convincing, factual evidence in support of their claim against Mr. Segarra, the Court harbors **serious** doubt that they will survive summary judgment, under FED.R.CIV.P. 56.

albeit barely—so as to survive a motion to dismiss. *See Wagner*, 122 F.3d at 55 (courts shall dismiss for failure to state a claim "only if it clearly appears that, on the facts alleged, the plaintiff cannot recover on any viable theory"). Therefore, the complaint shall not be dismissed against Mr. Segarra at this time.

## C. THE COMPLAINT FAILS TO CLEARLY STATE A CLAIM AGAINST MR. JOSE NAZARIO

■ Defendant Jose Nazario holds the position of Recycling Director, for the Municipality of San German.[20] Plaintiffs argue their claims against Mr. Nazario directly relate to plaintiff Marisol Sanabria–Irizarry. They claim that Ms. Sanabria–Irizarry was transferred to the Recycling Office without justification, and "once there [she] was deprived by defendant Nazario of her Administrative Assistant duties, and [was] instructed . . . to perform Clerk duties, menial duties in comparison to those inherent to her [previous] Administrative Assistant position." [21]

Again, plaintiffs are skating on thin ice. The Court is persuaded by their argument, but just barely. The Court further notes that their complaint is bereft of any allegations supporting their argument. Notwithstanding, the Court shall accept their argument at this time, albeit with serious reservations. The Court would probably not be persuaded if Ms. Sanabria–Irizarry would have been merely transferred. Because the complaint states that, during her tenure at the Recycling Office, her salary was also reduced, the Court may infer that Mr. Nazario, as director of said office, had a say in said determination.[22] But the Court underscores that this is not stated in the complaint, and that the factual allegations related to Ms. Sanabria–Irizarry completely fail to mention Mr. Nazario. The allegations of the complaint are scanty. Nonetheless, since at the motion-to-dismiss stage, a doubtful court is required to favor plaintiff, the Court shall not dismiss plaintiffs' claims against Mr. Segarra, at this time, because it harbors some doubt that plaintiffs cannot prove a claim against Mr. Segarra. *See Conley*, 355 U.S. at 45–46, 78 S.Ct. 99 (a complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief").[23] Moreover, the Court finds their theory to be sufficiently "viable"—albeit barely—so as to survive a motion to dismiss. *See Wagner*, 122 F.3d at 55 (courts shall dismiss for failure to state a claim "only if it clearly appears that, on the facts alleged, the plaintiff cannot recover on any viable theory"). Therefore, the complaint shall not be dismissed against Mr. Nazario at this time.

## V

## CONCLUSION

At this motion-to-dismiss stage the Court is required to look only to the complaint merely explains that Mr. Irizarry–Bonilla received a termination letter **directly signed by the new mayor**. See para. 31, Amended Complaint, Docket No. 28.

---

20. *See* Amended Complaint, p. 4, para. 11, Docket No. 18.

21. Docket No. 58, p. 8.

22. In the Court's mind, the critical difference between the allegations relating to plaintiffs Pedro J. Irizarry–Bonilla (which today prompt the dismissal of the complaint as to Ms. Iris Soto) and Marisol Sanabria–Irizarry are that, while her salary was reduced, Mr. Irizarry–Bonilla's salary was not. The com-

23. Similarly, the Court forewarns plaintiffs that, unless they are able to provide solid, convincing, factual evidence in support of their claim against Mr. Nazario, the Court harbors **serious** doubt that they will survive summary judgment, under FED.R.CIV.P. 56.

plaint and make a simple determination as to whether a claim is hypothetically plausible under § 1983, against three defendants, namely, Ramon L. Segarra, Irma Soto, and Jose Nazario. In making such a determination, the Court has an obligation of accepting as true the facts alleged in the complaint and of construing these facts "in the light most flattering to the plaintiff['s] cause." *Aldahonda–Rivera v. Parke Davis & Co.*, 882 F.2d 590, 594 (1st Cir. 1989). Pursuant to this standard, the Court today finds that, plaintiffs have failed to properly plead sufficient facts to establish a claim upon which relief can be granted against Ms. Iris Soto. Hence, defendants' motion to dismiss shall be **GRANTED** as to Ms. Iris Soto.[24] Moreover, since plaintiffs agree they fail to state a cognizable claim against Mr. Rafael Perez Marcado and Mr. Luis E. Padovani Padilla, dismissal shall forthwith **GRANTED** and entered forthwith as to these two named defendants. However, since a lib-

eral reading allows the Court to make reasonable inferences as to the liability of defendants, Ramon L. Segarra and Jose Nazario, the complaint shall **not** be dismissed as to them. Accordingly, the motion to dismiss shall be **DENIED** as to defendants, Ramon L. Segarra and Jose Nazario. **But the Court underscores that it has made a tremendous effort in liberally reading—that is, in the broadest sense—the amended complaint, in order to reach this conclusion.** Nonetheless, Ramon L. Segarra and Jose Nazario shall, at this time, continue to be parties in this suit.

**WHEREFORE,** under Rule 12(b)(6), plaintiffs' motion to dismiss is **GRANTED in PART and DENIED in PART.** (Docket No. 34).[25] For administrative purposes, Docket Nos. **35 and 57** are **MOOT.**

**IT IS SO ORDERED.**

---

24. This Court is aware that the First Circuit in *Judge* reiterated the rule "that a trial court should provide plaintiff an opportunity to cure a deficiency after notice that [it] intend[s] to invoke a specificity or pleading requirement." *Id.* at 75. Although the Court has not invoked any particular specificity, pleading requirement today, the Court deems plaintiffs have had ample opportunities to cure any deficiencies in their pleadings as to Ms. Iris Soto (or any other defendant, for that matter). The Court allowed their amended complaint, which was filed in December of 2001. Defendants filed their motion to dismiss in February of 2002, to which plaintiffs filed opposition in March of 2002, without showing any intent to cure deficiencies in their pleadings. This Court then referred this matter to Magistrate Gelpi, for R & R, in June of 2002. Notwithstanding, plaintiffs did not cure the deficiencies in their complaint. Eventually, an R & R was issued, recommending dismissal of the complaint with respect to Ms. Soto and others, and still plaintiffs refused to cure the deficiencies being raised as to these defendants. But more importantly, plaintiffs had ten (10) days to object

to the R & R, and even though they filed a timely objection, again, they failed to cure any potential deficiencies in their pleadings. These were all potential opportunities to cure deficiencies in their pleadings, but plaintiffs never did.

25. Regardless of the fact that the Court is dismissing defendant Ms. Iris Soto from this case, at this stage, the Court will notwithstanding refrain from issuing partial judgment at this time. The First Circuit strongly disfavors partial judgments as they foster piecemeal appeals. *See Nichols v. Cadle Co.*, 101 F.3d 1448, 1449 (1st Cir.1996) ("piecemeal appellate review invites mischief. Because the practice poses a host of potential problems we have warned, time and again, that Rule 54(b) should be used sparingly."); *Zayas–Green v. Casaine*, 906 F.2d 18, 21 (1st Cir.1990) ("This final judgment rule . . . furthers 'the strong congressional policy against piecemeal review.' " *Id.* (quoting *In re Continental Investment Corp.*, 637 F.2d 1, 3 (1st Cir.1980)); *Comite Pro Rescate De La Salud v. Puerto Rico Aqueduct and Sewer Authority*, 888 F.2d 180, 183 (1st Cir.1989); *Consolidat-*

*ed Rail Corp. v. Fore River Ry. Co.,* 861 F.2d 322, 325 (1st Cir.1988); *Spiegel v. Trustees of Tufts Coll.,* 843 F.2d 38, 43 (1st Cir.1988); *Santa Maria v. Owens–Ill., Inc.,* 808 F.2d 848, 854 (1st Cir.1986)); *see also United States v. Nixon,* 418 U.S. 683, 690, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974).