Aida Acevedo LOPEZ,
et al., Plaintiff(s),

v.

Vivian ORTIZ, et al., Defendant(s).

Civil No. 13–1166 (DRD).

United States District Court,
D. Puerto Rico.

Signed March 31, 2014.

legal theory that will support their claim. *Cruz–Báez*, 220 F.Supp.2d at 79, citing *McCoy*, 950 F.2d at 23.

Steven P. Lausell–Recurt, Guillermo J. Ramos–Luina, San Juan, PR, for Plaintiffs.

Wandymar Burgos–Vargas, P.R. Department of Justice, Federal Litigation, San Juan, PR, for Defendants.

## ORDER

DANIEL R. DOMINGUEZ, District Judge.

Pending before the Court are: (a) *Motion for a More Definite Statement Pursuant to Federal Rule of Civil Procedure 12(e)*, Docket No. 8; (b) *Plaintiffs' Opposition to Motion for a More Definite Statement*, Docket No. 10; (c) *Reply to Plaintiff's Opposition for a Motion for a More Definite Statement*, Docket No. 14, and (d) *Supplemental Opposition to Motion for a More Definite Statement*, Docket No. 15. For the reasons set forth below, the motion for a more definite statement is granted.

## Introduction

 The instant complaint was filed on February 26, 2013. At the time, all plaintiffs were imprisoned at the Vega Alta Women's Correctional Institution under the custody of the Puerto Rico Department of Corrections and Rehabilitation ("DCR"). The instant action was "under the Fifth, Eighth and Fourteen Amendments of the Constitution of the United States, the Civil Rights Act of 1871, as amended, 42 U.S.C. § 1983, and under the Constitution and laws of the Commonwealth of Puerto Rico, in particular, 31 L.P.R.A. § 1802" [sic] 31 L.P.R.A. § 5141. *See Complaint*, Docket No. 1, page 2.

All the defendants are "being sued in their personal and individual capacity for their personal involvement in the violation of plaintiffs' rights and/or the foreseeable consequences of their acts or omissions which deprived plaintiffs of their constitutional rights ..." *See Complaint*, Docket No. 1, ¶ 26, pages 6–7. Plaintiffs further allege that the "Defendants' actions and omissions constitute a clear violation of plaintiffs' rights to dignity as human beings and the protection against abusive attacks on honor, reputation and private or family life, as guaranteed by Article II, Sections 1 and 8 of the Constitution of the Commonwealth of Puerto Rico." *See Complaint*, Docket No. 1, ¶ 57, page 11. The Court notes that the defendants are employees of the Puerto Rico Department of Corrections and Rehabilitation, and are currently represented in this action by the Puerto Rico Department of Justice. *See Complaint*, Docket No. 1, ¶¶ 18–23. The defendants, however, are not sued in their official capacity.

## Procedural Background

On April 9, 2013, codefendant Yesenia Marrero ("Marrero"), "without submitting to the jurisdiction of this Honorable Court and/or without waiving any affirmative defenses," and represented by the Puerto Rico Department of Justice, filed a *Motion for a More Definite Statement Pursuant to Federal Rule of Civil Procedure 12(e)*, Docket No. 8. Codefendants Samuel Jackson ("Jackson") and Vivian Ortiz ("Ortiz") joined the motion filed by codefendant Yesenia Marrero moving the Court for a more definite statement. *See* Docket entries No. 12, 13, 16, 22.

In a nutshell, defendants Marrero, Jackson and Ortiz allege that the *Complaint* "fails to comply with the requirements set forth in Fed. Rule of Civ. Proc. 8(a)." *See* Docket No. 8, page 5. Moreover, the defendants further allege that, "under the caption 'Jurisdiction and Venue' of the Complaint asserts that this action arises under the Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States." *Id.* "However, nowhere in the Complaint Plaintiffs put on notice appearing Defendant as to the set of alleged fact for a cause of action under those amendments." *Id.* "Furthermore, as for example, there is no reference as to which clause of the Fifth and Fourteenth Amendments rests the causes of actions. Takings?" *Id.* "Substantive violation, Procedural violation or both under the Fifth? Substantive violation, Procedural violation or both under the Fourteenth? Equal Protection?" *Id.*

Plaintiffs filed their opposition on April 22, 2013, and stated that "[t]here is nothing vague or ambiguous about the nature of the claims, as summarized by codefendant Marrero." *See* Docket No. 10, page 2. Plaintiffs further allege:

In sum, codefendant Marrero presents no valid arguments for a more definite statement under the requirements of FRCP 12(e) [sic]. It is disingenuous on the codefendant's part to assert that she cannot "identify the nature of the claims against her and effectively ascertain the

nature of the affirmative defenses that she might be entitled to," when it is clearly evidenced in her own motion that she has a thorough understanding of the nature of the case. Answering the Complaint would not be a speculative effort and, therefore, codefendant Marrero's motion should be denied.

*See* Docket No. 10, at page 6.

The record shows that the parties exchange several replies and sur-replies thereafter. *See* Docket entries No. 11, 14, 15.

### Applicable Law and Discussion

Rule 12(e) of the Federal Rules of Civil Procedure ("Fed.R.Civ.P."), provides in its relevant part:

A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

*See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009); *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Quapaw Tribe of Oklahoma v. The United States,* 111 Fed.Cl. 725 (2013); *United States v. Millennium Laboratories of California, Inc.,* 713 F.3d 662 (1st Cir.2013); *Cruz, et*

al. v. Bristol–Myers Squibb Company, PR, Inc., et al.,* 699 F.3d 563 (1st Cir.2012); *Jordan, et al. v. Carter,* 428 F.3d 67 (1st Cir.2005); *Educadores Puertorriqueños en Acción, et al. v. Hernández,* 367 F.3d 61 (1st Cir.2004).

After a careful review of all the pleadings filed by the parties, the Court fully agrees with the request of defendants Marrero, Jackson and Ortiz (collectively the "defendants"). The Court finds that the instant *Complaint* is vague in the matters raised by the defendants. Nowhere in the *Complaint* the plaintiffs assert whether the defendants are also sued in their official capacity. To claim federal rights, particularly injunctive relief,[1] the defendants must also be sued in their official capacity. Indeed, based on the allegations of the instant *Complaint* as it stands today, there is no specificity or links connecting facts to specific legal precedents. "If the pleading is impermissibly vague, the court may act under Rule 12(b)(6) rather than Rule 12(e), whichever is appropriate, without regard to how the motion is denominated." Wright & Miller, *Federal Practice and Procedure:* Civil 3d § 1376, n. 8.

Lastly, the Court lacks understanding as to plaintiffs' refusal to amend the *Complaint* in order to correct the potential procedural and jurisdictional defects that may be present in the *Complaint.* The Court understands that it is inappropriate to deny the plaintiffs the opportunity to amend the complaint by filing a more definite statement of said pleading. "In order to show an entitlement to relief, a complaint must contain enough factual material 'to raise a right to relief above the speculative level' on the

---

1. If plaintiffs somehow need to avoid a recurrence of the facts as alleged in the *Complaint,* the defendants must be sued in their official capacity to request the proper relief. *Ex Parte*

*Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908); *Mills v. State of Me.,* 118 F.3d 37, 54 (1st Cir.1997).

assumption that all the allegations in the complaint are true even if doubtful in fact," *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955. Thus, a plaintiff must and is now required to, present allegations that "nudge [his] claims across the line from conceivable to plausible" in order to comply with the requirements of Rule 8(a). *Twombly,* 550 U.S. at 570, 127 S.Ct. 1955, *see also Iqbal,* 556 U.S. 662, 129 S.Ct. 1937.

 Police brutality is generally protected under due process of law in violation of the Fourteenth Amendment, as well as the Fourth Amendment. *Martínez–Rivera v. Sánchez Ramos,* 498 F.3d 3 (1st Cir.2007). The Court understands that, generally, police brutality and/or brutality within the prisons' system is also constitutionally protected. But there are distinctions as to brutalities within the confinement facilities of a state. The Due Process Clause as well as the Equal Protection Clause of the Fourteenth Amendment apply should the person be detained beyond arrest; when the pretrial detention began, as well as after the detainees have been convicted. It is settled that pretrial detainees nor the convicted prisoners "forfeit all constitutional protections by reason of their conviction and confinement in prison." *Bell v. Wolfish,* 441 U.S.

520, 545, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979), and the collection of cases cited therein. "There is no iron curtain drawn between the Constitution and the prisons of this country." *Bell,* 441 U.S. at 545, 99 S.Ct. 1861 (quoting *Wolff v. McDonnell,* 418 U.S. 539, 555–556, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974)). *See also Graham v. Connor,* 490 U.S. 386, 395, n. 10, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989), explaining the "reasonableness" standard rather than under a "substantive due process approach." *Id.* The Court further held that, "the Fourth Amendment provides an explicit textual source of constitutional protection against this sort of physically intrusive governmental conduct, that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims. [*Fn.* 10]" [2]

 However, after conviction, it is pellucid that the Eighth Amendment "serves as the primary source of substantive protection ... in cases ... where the deliberate use of force is challenged as excessive and unjustified." *Graham,* 490 U.S. at 395, *Fn.* 10, 109 S.Ct. 1865, (*see Fn.* 10 below). "Any protection that 'substantive due process' affords convicted prisoners

---

**2.** *Graham,* 490 U.S. at 395, 109 S.Ct. 1865:

*Fn.* 10. A "seizure" triggering the Fourth Amendment's protections occurs only when government actors have, "by means of physical force or show of authority, ... in some way restrained the liberty of a citizen," *Terry v. Ohio,* 392 U.S. 1, 19, n. 16, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *see Brower v. County of Inyo,* 489 U.S. 593, 596, 109 S.Ct. 1378, 103 L.Ed.2d 628 (1989).

Our cases have not resolved the question whether the Fourth Amendment continues to provide individuals with protection against the deliberate use of excessive physical force beyond the point at which arrest ends and pretrial detention begins, and we do not attempt to answer that question

**today.** It is clear, however, that the Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment. *See Bell v. Wolfish,* 441 U.S. 520, 535–539, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). **After conviction, the Eighth Amendment "serves as the primary source of substantive protection ... in cases ... where the deliberate use of force is challenged as excessive and unjustified." *Whitley v. Albers,* 475 U.S. 312, 327, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986). Any protection that "substantive due process" affords convicted prisoners against excessive force is, we have held, at best redundant of that provided by the Eighth Amendment.** *Ibid.* (Emphasis ours).

 

against excessive force is, we have held, at best redundant of that provided by the Eighth Amendment. *Ibid.*" 490 U.S. at 395, *Fn.* 10, 109 S.Ct. 1865.

Although the Court recognizes that not all plaintiffs are lesbians in *Lawrence v. Texas,* 539 U.S. 558, 123 S.Ct. 2472, 156 L.Ed.2d 508 (2003), the Court protected against discrimination in mistreatment against gays and lesbians based on substantive due process precedents, however, not on equal protection, but clarified that "precedents under the two rubrics use somewhat related tests as to levels of scrutiny-applied to liberty interests under the former and discrimination claims under the latter." 539 U.S. at 575–576, 578, 123 S.Ct. 2472. *See also Massachusetts v. U.S. Department of Health and Human Services,* 682 F.3d 1, 8, *Fn.* 8.; *Romer v. Evans,* 517 U.S. 620, 632, 116 S.Ct. 1620, 134 L.Ed.2d 855 (1996).

 Plaintiffs must, therefore, clarify the facts and their relation to the law, as set forth in this *Opinion and Order.* The Court understands that a general allegation under the Fifth, Eighth and Fourteenth Amendments is insufficient.[3] Further, there is no equal protection claims which generally protects gays and lesbians under the Fifth Amendment's Due Process Clause. *See Massachusetts v. U.S. Department of Health and Human Services,* 682 F.3d 1 (1st Cir.2012).

### Conclusion

In view of the foregoing, the defendants' *Motion for a More Definite Statement Pursuant to Federal Rule of Civil Procedure 12(e),* Docket No. 8, is granted.

---

**3.** A party "cannot expect a trial court to do his homework for him." *Cruz–Báez, et als. v. Negrón–Irizarry,* 220 F.Supp.2d 77, 79, n. 3 (D.P.R.2002) (Domínguez, J.), citing *McCoy v. Massachusetts Institute of Technology,* 950 F.2d 13, 22 (1st Cir.1991). Rather, parties

Plaintiffs are granted twenty one (21) days to file an amended complaint following the *Opinion and Order* of the Court. Failure to timely comply with this *Order* may entail the issuance of other remedies including the dismissal of the instant case.

IT IS SO ORDERED.

have an affirmative responsibility to put their best foot forward in an effort to present a legal theory that will support their claim. *Cruz–Báez,* 220 F.Supp.2d at 79, citing *McCoy,* 950 F.2d at 23.