EL VOCERO DE PUERTO RICO, demandante y recurrido, *v.* HON. MIGUEL A. HERNÁNDEZ AGOSTO y OTROS, demandados y recurrentes.

*Número:* RE-93-191        *Resuelto:* 21 de mayo de 1993

*Carlos Santiago Tavárez, Rafael Martínez Torres, Eliezer Aldarondo Ortiz* y *Miguel Pagán,* abogados de los recurrentes; la parte recurrida no compareció.

## SENTENCIA

### (Regla 50)

Vista la solicitud de revisión, memorando y documentos anejos, se expide el auto y se dicta sentencia para modificar la del Tribunal Superior, Sala de San Juan (Hon. Ángel G. Hermida, Juez), de 3 de febrero de 1992, a los únicos fines de que los originales de los informes financieros sean presentados por los legisladores al Director Ejecutivo de la Oficina de Ética Gubernamental, *y simultáneamente,* los referidos legisladores sometan directamente las copias de éstos a *El Vocero de Puerto Rico.*

*Así modificada, se confirma.*

Lo pronunció y manda el Tribunal, y certifica el señor Secretario General. El Juez Asociado Señor Negrón García emitió una opinión concurrente, a la cual se unió el Juez Asociado Señor Hernández Denton. El Juez Asociado Señor Fuster Berlingeri no intervino.

(*Fdo.*) Francisco R. Agrait Lladó
*Secretario General*

— O —

Opinión concurrente del Juez Asociado Señor Negrón García, a la cual se une el Juez Asociado Señor Hernández Denton.

I

Durante varios años la Undécima Asamblea Legislativa (1988–1992) violó la *Ley de Ética Gubernamental*, Ley Núm. 12 de 24 de julio de 1985 (3 L.P.R.A. sec. 1801 *et seq*).

En un claro ejercicio abusivo y arbitrario de poder, reiteradamente se negaron a aprobar la reglamentación necesaria para hacer viable la presentación de sus informes financieros ante el Director Ejecutivo de la Oficina de Ética Gubernamental, aun cuando éste envió su propuesta de reglamento a cada cámara en varias ocasiones. 3 L.P.R.A. secs. 1814(j) y 1833. Como resultado, sus miembros no cumplieron con el mandato legal autoimpuesto de rendir los informes financieros individuales al Director Ejecutivo.

Es un hecho no contradicho que institucionalmente nunca mostraron un interés serio en hacerlo. A la postre, esa omisión fue la *única causa* por la cual el Director Ejecutivo no pudo recibir ni evaluar los informes para constatar que estuvieran completos y determinar que eran finales. Ello impidió que se convirtieran en documentos públicos conforme los términos expresos del estatuto, y por ende, accesibles de inmediato a *El Vocero de Puerto Rico*. 3 L.P.R.A. sec. 1840d.

II

Contra esa inexcusable tardanza e ilegalidad, el 20 de mayo de 1992 comenzó en este Foro el peregrinaje judicial de *El Vocero de Puerto Rico* en búsqueda de un decreto que

obligara a los legisladores a cumplir con la ley. Al fin, prevaleció la justicia en el Tribunal Superior, Sala de San Juan (Hon. Ángel G. Hermida, Juez), quien les ordenó que remitieran directamente a *El Vocero de Puerto Rico* los informes financieros correspondientes a los años 1991–1992.

Ahora los legisladores, si bien reconocen ese deber —y claro está, que lo incumplieron— insisten en negarle a *El Vocero de Puerto Rico* acceso pronto y directo. Acomodaticiamente invocan una de las disposiciones de la Ley de Ética Gubernamental del Estado Libre Asociado de Puerto Rico que ayer violaron impunemente, a saber, que hasta que el Director Ejecutivo no los examine, no pueden ser públicos. No tienen razón.

En situaciones como ésta, los tribunales aplican las doctrinas de *estoppel* y *abuso del derecho*. En el fondo, ambas parten de la premisa de que un sistema de justicia, que se respete a sí mismo, está enmarcado en principios éticos generales y válidos, tales como la verdad y la buena fe. Se trata de presupuestos mínimos sobrentendidos en el esquema constitucional de la vida democrática, inspirados en la igualdad de todos ante la ley.

*Estoppel* significa etimológicamente estorbo, impedimento, obstáculo, detención. *Int. General Electric v. Concrete Builders*, 104 D.P.R. 871, 878 (1976). Por su parte, la doctrina de *abuso del derecho* propugna que "los derechos deben ejecutarse conforme a las exigencias de la buena fe, y de que la ley no ampara el abuso del derecho o su ejercicio antisocial". *Soriano Tavárez v. Rivera Anaya*, 108 D.P.R. 663, 667–668 (1979).

Las ramificaciones de estos postulados se extienden a casos de orden privado y público. "[P]ersiguen una finalidad idéntica, a saber: *impedir que el texto de la ley sea utilizado para amparar actos contrarios a la realización de la justicia*; que frente al contenido ético y al espíritu objetivo de la norma legal *no prevalezcan las maniobras ten-*

*dentes a lograr un resultado distinto al perseguido por ella.*" (Énfasis suplido.) *Soriano v. Rivera Anaya,* supra, pág. 673.

## III

El remedio diseñado por el ilustrado tribunal hace cumplida justicia. Está a tono con las peculiaridades del caso, urgencia, legitimación activa de *El Vocero de Puerto Rico* y su derecho de acceso a esa información. *Soto v. Srio. de Justicia,* 112 D.P.R. 477 (1982). Nada impide que los legisladores acaten la ley, presenten sus informes al Director Ejecutivo y, simultáneamente, en cumplimiento de nuestra sentencia, remitan copias a *El Vocero de Puerto Rico.*

Acoger las interpretaciones restrictivas que nos proponen los legisladores es coartar y demorar una vez más el acceso a la prensa. ¿Hasta cuándo? Ningún legislador está exento de la norma que prohíbe el *abuso del derecho.*

La expedición del auto de revisión es contraria al espíritu y a los rectos propósitos que animaron la Ley de Ética Gubernamental. Por estas razones, concurrimos con la sentencia de hoy.