**TELEREP CARIBE, INC., Jerome Forsyth, Plaintiffs,**

v.

**Otto ZAMBRANO, et al., Defendants.**

**Civil 00–2586(HL)(JA).**

United States District Court, D. Puerto Rico.

June 6, 2003.

Vilma M. Dapena–Rodriguez, Bayamon, PR, Rosa M. Cruz–Niemiec, Luis E. Vazquez–Rodriguez, San Juan, PR, for Plaintiffs.

Vilma M. Dapena–Rodriguez, Bayamon, PR, Freddie Perez–Gonzalez, San Juan, PR, for Defendants.

*OPINION AND ORDER*

ARENAS, United States Magistrate Judge.

## I. BACKGROUND

Plaintiffs, TeleRep Caribe, Inc., and Jerome Forsyth, owner and president of TeleRep Caribe, Inc., (collectively "plaintiff" and/or TeleRep Caribe) brought suit against defendants TeleRep CCC, Inc., and Steve Halloran, owner and president of TeleRep CCC, Inc., (collectively "defendant" and/or TeleRep CCC) for damages sustained from defendant's collaboration with defendant Otto Zambrano, president of OMZ International Importers, in producing long distance prepaid calling cards featuring plaintiff's copyrighted art work and photographs on December 19, 2000. (Docket Nos. 1, 139.) TeleRep CCC brought a counterclaim against plaintiff for damages and injuries sustained from plaintiff's alleged fraudulent behavior and abuse of law in filing civil fraud and RICO claims against defendant on October 16, 2002. (Docket No. 145.) Plaintiff filed a motion to dismiss defendant's counterclaim based on Puerto Rico law that does not allow damages suffered as a consequence of a civil suit on November 22, 2002. (Docket No. 156.) *See Pereira v. Hernandez,* 1961 WL 13846, 83 D.P.R. 160 (1961), 83 P.R.R. 156 (1961). Plaintiff's motion is also based on defendant's alleged failure to satisfy Federal Rule of Civil Procedure 9(b) particularity requirements in alleging fraud. (Docket No. 156.) Defendant responded in opposition to the motion to dismiss the counterclaim on January 22, 2003. (Docket No. 165.) In addition, plaintiff replied to defendant's opposition on February 12, 2003. (Docket No. 175.) After viewing the evidence in the light most favorable to the non-moving party, the defendant, and for the reasons expressed below, plaintiff's motion to dismiss is GRANTED.

## II. ANALYSIS

A. Plaintiff's Motion to Dismiss Defendant's Counterclaim

1. *Standard for Federal Rule of Civil Procedure 9(b)*

In reviewing TeleRep CCC's counterclaim of fraud under Federal Rule of Civil Procedure 9(b),[1] certain require-

---

1. "In all averments of fraud or mistake, the circumstances constituting fraud or mistake

ments must be met in order for defendant to survive plaintiff's motion to dismiss. Thus, as I decided before in my previous opinion and order of defendant's motion to dismiss plaintiff's fraud claim (Docket No. 125, at 3), a complaint that alleges fraud must identify the fraudulent act and actor, the time and place of the act and must explain why the act and actor were fraudulent or misleading. *See Greebel v. FTP Software, Inc.*, 194 F.3d 185, 193 (1st Cir. 1999); *Suna v. Bailey*, 107 F.3d 64, 68 (1st Cir.1997). The purpose and goal of Rule 9(b) is to allow a party to defend against speculatory and conclusory allegations. *See Suna v. Bailey*, 107 F.3d at 68. Furthermore specific facts must be used to show that the alleged fraudulent actor acted with scienter.[2] A party bringing a fraud claim must also demonstrate that the alleged act of fraud is more than a future prediction that later proved to be erroneous. *See Suna v. Bailey*, 107 F.3d at 69.

### 2. *Application*

■ In order to fulfill the requirement of a fraud claim, defendant, TeleRep CCC, identified plaintiff, TeleRep Caribe, as the fraudulent actor. (Docket No. 165, at 6.) In addition, defendant asserted plaintiff's act of entering into an agreement on October 18, 2000, when he did not have the capacity to perform the obligations of said agreement, as a fraudulent act. (Docket No. 165, at 6.) However, defendant fails to explain why plaintiff's act of entering into the agreement can reasonably be seen as a fraudulent act. Defendant contends that plaintiff's act was fraudulent because plaintiff failed to disclose Mr. Forsyth's emotional and physical conditions which could interfere with its ability to perform its duties. However, defendant does not point to any business custom or practice that requires plaintiff to disclose such personal information. Furthermore, defendant knew of plaintiff's alleged emotional and physical conditions at the time in which defendant entered into a settlement agreement with plaintiff because of their past relationship. (Exhibit A to the Motion for Protective Order Concerning Medical Records, Docket No. 9, at 8, in Civil Case No. 00–2008(JAG).) Therefore, TeleRep CCC cannot reasonably claim it was unaware of said conditions. Furthermore, no provision protecting defendant against plaintiff's failure to perform its obligations due to Forsyth's condition was placed in the contract between TeleRep CCC and TeleRep Caribe. Therefore, the court can conclude that defendant assumed the risk that plaintiff's conditions might affect Tele-Caribe's ability to perform its obligations to TeleRep CCC.

■ Defendant further alleges that plaintiff incurred in fraudulent conduct because TeleRep Caribe failed to meet their obligations to market and develop defendant's product in a better manner. (Docket No. 165, at 5.) However, defendant uses a subjective standard, not the reasonable standard needed. (Docket No. 165, at 5.) *See Suna v. Bailey*, 107 F.3d at 69. Defendant's standard is subjective because the definition of "better marketing" entails something different for each individual. (Docket No. 165, at 5.) *See Suna v. Bailey*, 107 F.3d at 69. In addition, defendant has failed to show any evidence that plaintiff's unsuccessful efforts in creating "better

shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." Fed. R.Civ.P. 9(b).

**2.** Scienter is the mental state to deceive, manipulate or defraud. *See Maldonado v. Dominguez*, 137 F.3d 1, 9 (1st Cir.1998).; *see also Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 193 n. 12, 96 S.Ct. 1375, 47 L.Ed.2d 668 (1976).

marketing" strategies constitute a fraudulent act.

Viewing the evidence in the light most favorable to the non-moving party, I find that defendant has not sufficiently pleaded its claim of fraud under Federal Rule of Civil Procedure 9(b) against plaintiff. Accordingly, plaintiff's motion to dismiss defendant's counterclaim is GRANTED.

### 3. Standard for Federal Rule of Civil Procedure 12(b)(6)

Plaintiff appears to be bringing a motion to dismiss defendant's counterclaim of abuse of law and process under Federal Rule of Civil Procedure 12(b)(6). Federal Rule of Civil Procedure 12(b)(6) allows plaintiff to seek a dismissal of an action based on defendant's "failure to state a claim upon which relief can be granted...." Fed.R.Civ.P. 12(b)(6). In reviewing a motion to dismiss under 12(b)(6), the court must accept all alleged facts as true and derive all reasonable inferences in the defendant's favor. *See Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir.2001). However, this does not mean that the court must accept conclusory allegations, "subjective characterizations, or 'outright vituperation.'" *Barrington Cove Ltd. P'ship v. Rhode Island Hous. & Mortgage Fin. Corp.*, 246 F.3d 1, 5 (1st Cir.2001) (quoting *Coyne v. City of Somerville*, 972 F.2d 440, 444 (1st Cir.1992)). Thus, in order to survive a motion to dismiss under 12(b)(6), defendant must provide "factual allegations, either direct or inferential, regarding each material element." *Cruz–Baez v. Negron–Irizarry*, 220 F.Supp.2d 77, 80 (D.P.R.2002) (quoting *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 515 (1st Cir.1988)).

Accordingly, dismissal is only appropriate when it appears that defendant cannot recover on any viable theory based on the facts asserted. (Docket No. 125, at 2.) *See Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Barrington Cove Ltd. P'ship v. Rhode Island Hous. & Mortgage Fin. Corp.*, 246 F.3d at 5.

### 4. Standard for the Abuse of Process and Abuse of Law

Abuse of process and of law are rooted in article 1802 of Puerto Rico's Civil Code.[3] The doctrine of abuse of process and law, "prevents that the text of the law be used to protect acts that are contrary to the realization of justice...." *El Vocero de Puerto Rico v. Hon. Miguel A. Hernandez Agosto*, 133 D.P.R. 413, 415 (1993) (quoting *Soriano Tavarez v. Rivera Anaya*, 108 D.P.R. 663, 667–68 (1979), 8 P.R. Offic. Trans. 705 (1979)). Thus, when parties utilize their rights under the law, such as in a lawsuit, their rights should be used in good faith. *See id.*

Two different doctrines are used to define abuse of law. One definition, which is of a subjective nature, defines abuse of law as the intention to cause harm to another or to bring an action devoid of real interest in its outcome. *See Soriano Tavarez v. Rivera Anaya*, 108 D.P.R. at 671. The other definition of abuse of law is an abnormal exercise of a right that opposes the economic and social aims for which it was created. *See id.*

In general, Puerto Rican law does not acknowledge the existence of a civil action for damages as a consequence of a civil suit. *See Pereira v. Hernandez*, 83 D.P.R. at 164–65. The only judicial penal-

---

3. "A person who by an act or omission causes damage to another through fault or negligence shall be obliged to repair the damage so done. Concurrent imprudence of the party aggrieved does not exempt from liability, but entails a reduction of the indemnity." 31 P.R. Laws Ann. § 5141.

ty for the improper use of legal proceedings is found in the imposition of costs and attorney's fees within the same suit. *See Gimenez Alvarez v. Silen Maldonado,* 1992 WL 754904, 131 D.P.R. 91 (1992), P.R.-Eng. 754904 (1992).

### 5. *Application*

In order to state a claim of abuse of process and of law under Puerto Rican law, defendant must be able to demonstrate that plaintiff acted in bad faith in bringing its suit. Defendant, thus brought a counterclaim of abuse of process and of law against plaintiff for filing fraud and RICO claims against defendant. Defendant bases its claim on the subjective definition of abuse of law and process which emphasizes plaintiff's intention to cause harm to defendant. (Docket No. 165, at 7.) *See Soriano Tavarez v. Rivera Anaya,* 108 D.P.R. at 671. As previously stated, in order to establish an abuse of law and process claim, defendant must demonstrate that plaintiff acted in bad faith. *See El Vocero de Puerto Rico v. Hon. Miguel A. Hernandez Agosto,* 133 D.P.R. at 415. Defendant offers plaintiff's fraud and RICO claims as evidence to fulfill this element. (Docket No. 165, at 7.) However, defendant's evidence does not sufficiently demonstrate how plaintiff had malicious intentions in bringing fraud and RICO claims against defendant. Defendant only proffers that plaintiff's suit has caused him economic and emotional damages. (Docket No. 165, at 7.) Accordingly, defendant's allegation of abuse of process and of law is conclusory because defendant fails to show how plaintiff's claims were filed with the intention to cause harm. Although defendant has endured economic and emotional damages, the act of filing a complaint does not give rise to liability in this jurisdiction. *See Gimenez Alvarez v. Silen Maldonado,* 131 D.P.R. at 97. In addition, although plaintiff's claims were dismissed, this court found that they were not completely without merit because of plaintiff's ability to prove certain elements. (Docket No. 125, at 8.)

Since defendant does not present additional facts that would allow the court to reasonably infer that plaintiff brought its claims with the intention to harass defendant, the court cannot conclude that plaintiff unduly asserted its right in such a manner that would constitute an abuse of process and of law. *See Professional Underwriters Ins. Co. v. Distribuidora Automotriz,* 121 D.P.R. 536, 548, 21 P.R. Offic. Trans. 529. 542 (1988).

In reviewing the evidence in the light most favorable to the non-moving party, I find that defendant has not sufficiently pleaded its claim of abuse of process and of law under Puerto Rico Civil Code, section 1802. Therefore, plaintiff's motion to dismiss defendant's counterclaim of abuse of process and of law is also GRANTED.

### III. CONCLUSION

In view of the above, plaintiff's motion to dismiss defendant's counterclaim of fraud is GRANTED. In addition, plaintiff's motion to dismiss defendant's counterclaim of abuse of process and of law is also GRANTED.